FORSYTH *vs.* PREER, ILLGES & COMPANY.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

The act of 1875, correctly construed, does not in any case extend the time for bringing cases to this court on writ of error beyond thirty days from the adjournment of the superior court, and a bill of exceptions not signed and certified within thirty days from the adjournment of the court, will be dismissed.

Practice in the Supreme Court.    September Term, 1879.

Reported in the opinion.

C. J. THORNTON, for plaintiff in error.

PORTER INGRAM, for defendants.

JACKSON, Justice.

On the 12th of February, 1879, the superior court of Muscogee county adjourned. On the 17th of March, 1879, this bill of exceptions was signed and certified, so that more than thirty days from the adjournment had elapsed before the certificate of the bill of exceptions by the judge of the superior court, and therefore, ordinarily, the bill of exceptions would be dismissed as the general law requires and as this court has very often ruled. It is sought, however, to take this case out of the general rule by force of the act of 1875, which requires the bill of exceptions to be certified within sixty days *from the*

*date of the judgment complained of*, where the court sits longer than thirty days, and in this case the court sat longer than thirty days and the bill of exceptions was certified within sixty days from the adjournment as well as from the refusal of the new trial.   Sup. to Code, §25.

But the act of 1875 must be construed in harmony with the old law on the same subject and the general spirit of the constitution and laws in regard to expediting the trial of cases in this court.   Its purpose was not to postpone the time of bringing writs of error here, but to expedite that time.   If the court sits longer than thirty days, it declares substantially that the litigant shall not *wait* until the thirty days have expired after adjournment, but he shall move within sixty days from the date of the decision complained of, even if he has to move *within term or before the thirty days allowed by the old law has elapsed.*

But the legislature did not mean that if the court sat six months and on the last day of the session a judgment was rendered, the party complaining of it should have sixty days to move instead of thirty.   The reason and spirit of the act of 1875, as well as the policy of expediting the final decision of suits to be found in the constitutions of this state, and in the act organizing this court, all militate against such a construction.

We hold, therefore, that in *all* cases the bill of exceptions must be tendered within thirty days of the adjournment of the lower court, to the judge thereof ; and in cases where the session is protracted beyond thirty days from the date of its commencement, the party must move within sixty days from the date of that judgment of which he complains, even if he has to move during term or before the thirty days after adjournment have passed ; but *in no case* is he permitted to wait longer than thirty days after the court adjourns.

The plaintiff in error here having waited longer than thirty days after the court had adjourned, the writ of error must be dismissed.

We remark further that thirty days is in all conscience long enough to require the circuit judge to keep the history of the case in his head so as to certify its facts, and if the law were altered at all in this respect, in our judgment, it would be better policy to curtail the time within which parties should be required to move to set aside verdicts and judgments and to appeal to higher tribunals, and thus procrastinate litigation, than to extend that time.

Writ of error dismissed.