### DIETZ *v.* FAHY.

The law embodied in section 5539 of the Civil Code does not in any case authorize delay in tendering to a trial judge a bill of exceptions alleging error in a judgment rendered during a given term, for more than thirty days after the final adjournment of the court for that term.

Argued March 24, — Decided April 21, 1899.

Motion to dismiss writ of error.

*Henry Walker*, for plaintiff in error.
*Rowell & Rowell*, contra.

LUMPKIN, P. J. This case was tried at a term of the city court of Floyd county which did not adjourn within thirty days from the beginning thereof. The bill of exceptions, though tendered within sixty days of the decision complained of, was not tendered until after the expiration of more than thirty days from the final adjournment of the court for that term. It follows, under section 5539 of the Civil Code, which embraces the provisions of the act of February 25, 1875, amending section 4252 of the Code of 1873, and prescribing the time within which bills of exceptions shall be tendered (Acts of 1875, p. 24), that the writ of error must be dismissed. In construing that act, this court, in *Forsyth* v. *Preer*, 64 *Ga.* 281, held that the same did "not in any case extend the time for bringing cases to this court on writ of error beyond thirty days from the adjournment of the superior court, and a bill

of exceptions not signed and certified within thirty days from the adjournment of the court will be dismissed." This decision was subsequently followed in *Huff* v. *Brantley*, 66 *Ga.* 599. The law applicable to the superior court is, of course, controlling in cases disposed of by city courts whose decisions are, directly reviewable here.

> *Writ of error dismissed. All the Justices concurring.*