### HEERY et al. v. BURKHALTER, and *vice versa.*

1. A direct assignment of error upon a ruling made during the progress of a trial comes too late if for the first time presented in a bill of exceptions sued out more than thirty days after the adjournment of the term at which such ruling was made.
2. The overruling of a motion to dismiss an action which, for any good reason, should not be tried on its merits, can not properly be made a ground of a motion for a new trial.

Submitted June 8, — Decided July 22, 1901.

Action for damages.　Before Judge Evans.　Tattnall superior court.　November 27, 1900.

*J. V. Kelley*, for Heery et al.
*W. T. Burkhalter* and *C. L. Morgan*, contra.

LUMPKIN, P. J.   This case originated in a justice's court, the same being an action for triple damages for the killing of a cow, predicated upon section 1766 of the Political Code.   The plaintiff obtained a judgment, and the defendants entered an appeal to the superior court.   When it came on for trial, they made a motion "to dismiss said case for want of jurisdiction in the justice's court to try cases of damage arising under" the above-cited section of the code.   This motion was overruled, and the case was heard on its merits, the trial resulting in a verdict for the plaintiff.   A motion for a new trial was made by the defendants, to the overruling of which they excepted.   They also assign error upon the court's refusal to sustain their motion to dismiss the action.   By a cross-bill of exceptions the plaintiff below seeks to bring under review the refusal of the judge to dismiss the defendants' motion for a new trial.

1. The case was tried at the October term, 1900, of Tattnall superior court, which was finally adjourned on October 12.   The motion for a new trial was overruled on the 27th of November, and the bill of exceptions sued out by the defendants was not tendered to the judge until a subsequent date.   As no exceptions pendente lite were filed, it is obvious that the assignment of error upon the court's refusal to dismiss the action comes too late, not having been presented within thirty days from the adjournment of the term at which the ruling complained of was made.   See *Carter* v. *Johnson*, 112 *Ga.* 494, following *Dietz* v. *Fahy*, 107 *Ga.* 325, and the cases therein cited.

2. It is equally clear that such a ruling can not properly be made a ground of a motion for a new trial.   *Cedartown* v. *Freeman*, 89 *Ga.* 451; *McElveen Commission Co.* v. *Jackson*, 94 *Ga.* 549; *Shuman* v. *Smith*, 100 *Ga.* 415; *Carter* v. *Johnson*, supra, and cases cited.   That a trial judge improperly declined to dismiss an action, which could not in the first instance be lawfully tried, affords no logical reason for perpetuating the error thus committed, by ordering another hearing of the case upon its merits.

It follows that the court below did not err in refusing to sustain that ground of the defendants' motion for a new trial in which complaint was made that the action should have been dismissed at their instance; and as this was the only ground of the motion insisted upon here, we must necessarily rule that for no reason assigned did the judge improperly refuse to grant a new trial.   In view of the

disposition made of the main bill of exceptions, there is no occasion for passing upon the point presented by the cross-bill.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed. All the Justices concurring.*