FIRST NATIONAL BANK OF FORSYTH *v.* TAYLOR *et al.,* receivers.

FISH, C. J. 1. The law embodied in the Civil Code, § 6152, does not in any case authorize delay in tendering to a trial judge a bill of exceptions alleging error in a judgment rendered during a given term, for more than thirty days after the final adjournment of the court for that term. *Forsyth* v. *Preer,* 64 *Ga.* 281; *Huff* v. *Brantley,* 66 *Ga.* 599; *Dietz* v. *Fahy,* 107 *Ga.* 325 (33 S. E. 51); *Carter* v. *Johnson,* 112 *Ga.* 494 (2) (37 S. E. 736); *Heery* v. *Burkhalter,* 113 *Ga.* 1043 (39 S. E. 406); *Crawford* v. *Goodwin,* 128 *Ga.* 134 (2) (57 S. E. 240); *Brandon* v. *Akers,* 134 *Ga.* 78 (3) (67 S. E. 540).

2. The motion to review and overrule the first three cases above cited, and the one in 128 *Ga.,* is denied.

3. The verdict and decree, upon which error was assigned in a direct bill of exceptions, were rendered on March 31, 1911, during the February term of the court for that year, which term adjourned March 31, 1911. The bill of exceptions was presented, signed, and certified May 18 next thereafter, this being within sixty days from the rendition of the verdict and decree and the adjournment of the term, but not within thirty days from such adjournment. Applying the ruling announced in the cases above cited, the writ of error must be dismissed.

*Writ of error dismissed. All the Justices concur.*
APRIL 12, 1912.

From Bibb superior court. Motion to dismiss.

*Minter Wimberly* and *Jesse Harris,* for plaintiff in error.

*Hardeman, Jones, Callaway & Johnston,* contra.

---

PINKSTON *v.* CARTER & PATTERSON.

FISH, C. J. There being no contention that any error of law was committed upon the trial, and the evidence being sufficient to support the verdict, the judge did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*
APRIL 13, 1912.

Claim. Before Judge Littlejohn. Stewart superior court. July 24, 1911.

*Hatcher & Hatcher,* for plaintiff in error.

*E. T. Hickey* and *Tomlinson Fort,* contra.