### 15489. LUCAS *v.* HAWKINS.

"The law embodied in the Civil Code, § 6152, does not in any case authorize delay in tendering to a trial judge a bill of exceptions alleging error in a judgment rendered during a given term, for more than thirty days after the final adjournment of the court for that term."

DECIDED JUNE 10, 1924.

Certiorari; from Fulton superior court—Judge Humphries. December 6, 1923.

*Bryan & Middlebrooks,* for plaintiff in error.

*H. A. Allen,* contra.

BLOODWORTH, J. A motion to dismiss the bill of exceptions was made on the following grounds: "That said bill of exceptions was not signed and certified by the judge of trial court within time required by law. The judgment in the lower court was rendered on the 6th day of December, 1923, as is shown by the record, and the bill of exceptions was tendered to, and signed and certified by, the trial judge on the 4th day of February, 1924, more than thirty days after the rendition of the judgment excepted to and basis of bill of exceptions, and more than thirty days after the adjournment of the term of the court at and in which the judgment excepted to was rendered. The judgment was rendered on the 6th day of December, 1923, which was during the November term of Fulton superior court, and the term of court at which said judgment was rendered, to wit, November term, 1923, Fulton superior court, automatically and by operation of law was adjourned not later than the 31st day of December, 1923." This motion was resisted upon the ground that "under section 6152 of the Civil Code of Georgia (1910), the bill of exceptions in the above-stated case was tendered to the trial judge within 60 days from the date of decision, and, further, that the court did not adjourn within thirty days from the date of organization and opening of the court, and that, under said code section and under the facts set out in the motion to dismiss, the bill of exceptions was tendered in proper time."

Construing the act of 1875 (Civil Code of 1910, § 6152), the Supreme Court, in *Forsyth* v. *Preer,* 64 *Ga.* 281, 282, said: "It is sought, however, to take this case out of the general rule by force of the act of 1875, which requires the bill of exceptions to be certified within sixty days from the date of the judgment complained of, where the court sits longer than thirty days and the bill of exceptions was certified within sixty days from the adjournment as well as from the refusal of the new trial. But the act of 1875 must be construed in harmony with the old law on the same subject and the general spirit of the constitution and laws in regard to expediting the trial of cases in this court. Its purpose was not to postpone the time of bringing writs of error here, but to expedite that time. If the court sits longer than

thirty days, it declares substantially that the litigant shall not wait until the thirty days have expired after adjournment, but he shall move within sixty days from the date of the decision complained of, even if he has to move within term or before the thirty days allowed by the old law has elapsed. But the legislature did not mean that if the court sat six months and on the last day of the session a judgment was rendered, the party complaining of it should have sixty days to move instead of thirty. The reason and spirit of the act of 1875, as well as the policy of expediting the final decision of suits to be found in the constitutions of this State, and in the act organizing this court, will militate against such a construction. We hold, therefore, that in all cases the bill of exceptions must be tendered within thirty days of the adjournment of the lower court, to the judge thereof; and in cases where the session is protracted beyond thirty days from the date of its commencement, the party must move within sixty days from the date of that judgment of which he complains, even if he has to move during term or before the thirty days after adjournment have passed; but in no case is he permitted to wait longer than thirty days after the court adjourns. The plaintiff in error here having waited longer than thirty days after the court had adjourned, the writ of error must be dismissed." Among the cases reaffirming this ruling are the following: *Huff* v. *Brantley,* 66 *Ga.* 599; *Dietz* v. *Fahy,* 107 *Ga.* 325 (33 S. E. 51); *Crawford* v. *Goodwin,* 128 *Ga.* 134 (2) (57 S. E. 240); *Grant* v. *So. Bell Tel. &c. Co.,* 145 *Ga.* 298 (89 S. E. 364). In *First National Bank of Forsyth* v. *Taylor,* 138 *Ga.* 119 (74 S. E. 783), and in *Cunningham* v. *Storm,* 144 *Ga.* 324 (87 S. E. 20), a motion was made to review and overrule the rulings in the first three cases referred to above, but in each case the motion was denied. It appearing that in this case the plaintiff in error waited more than thirty days after the court had adjourned, to file his bill of exceptions, the writs of error must, under the rulings cited, be dismissed.

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*