*J. R. Singletary* and *A. B. Conger,* contra.

BIRMINGHAM FINANCE COMPANY *v.* CHISHOLM.

GILBERT, J., 1. "The law embodied in the Civil Code, § 6152, does not in any case authorize delay in tendering to a trial judge a bill of exceptions alleging error in a judgment rendered during a given term, for more than thirty days after the final adjournment of the court for that term. *Forsyth* v. *Preer,* 64 *Ga.* 281; *Huff* v. *Brantley,* 66 *Ga.* 599; *Dietz* v. *Fahy,* 107 *Ga.* 325 (33 S. E. 51); *Carter* v. *Johnson,* 112 *Ga.* 494 (2) (37 S. E. 736); *Heery* v. *Burkhalter,* 113 *Ga.* 1043 (39 S. E. 406); *Crawford* v. *Goodwin,* 128 *Ga.* 134 (2) (57 S. E. 240); *Brandon* v. *Akers,* 134 *Ga.* 78 (3) (67 S. E. 540)." *First National Bank of Forsyth* v. *Taylor,* 138 *Ga.* 119 (74 S. E. 783); *Cunningham* v. *Strom,* 144 *Ga.* 324 (87 S. E. 20); *Grant* v. *Southern Bell Tel. Co.,* 145 *Ga.* 298 (89 S. E. 364).

2. Motions were made, in the two cases last cited, to review and overrule several of the authorities cited for the ruling in the preceding headnote; and this court denied the motions.

3. The judgment excepted to in this case was rendered on October 27, 1925, during the September term of the superior court of Fulton County. That term necessarily was adjourned before the beginning of the next term, which, under the law, convened on the first Monday in November, to wit, November 2, 1925. The bill of exceptions was presented to the judge for certification, and was certified, on December 7, 1925, more than thirty days after the rendition of the judgment to which exception was taken, and more than thirty days after the adjournment of the term of court at which the judgment was rendered. Under the ruling in the first headnote, the writ of error must be dismissed.

*Writ of error dismissed. All the Justices concur.*

No. 5191. July 13, 1926.

Complaint. Before Judge Humphries. Fulton superior court. October 27, 1925.

Appeal and Error, 4 C. J. p. 247, n. 24.

*Jackson & Moore,* for plaintiff in error.
*Weltner & Sims* and *Davis & Locke,* contra.