### 17165. PARRISH v. CENTRAL OF GEORGIA RAILWAY COMPANY.

1. The judgment excepted to in this case was rendered in term in the superior court of Fulton county on November 24, 1925. The bill of exceptions was presented to the trial judge on January 21, 1926, and was certified by him on January 29, 1926. It contained the statement that it was presented "within the period allowed by law, the term of said court lasting more than 30 days." This recital was verified by the judge's certificate as being true. *Held:* The bill of exceptions is not subject to dismissal either upon the ground that it did not appear to have been presented within 30 days from the adjournment of the court or upon the ground that it did not appear to have been certified "within 30 days from said adjournment."

2. The amendment to the petition, which the court allowed to be made subject to demurrer, was not subject to the grounds of the demurrer thereafter urged, and it was error to strike the amendment in response to the demurrer.

3. The maxim res ipsa loquitur may, in certain extraordinary circum-

Appeal and Error, 4 C. J. p. 269, n. 13; p. 272, n. 36, 38; p. 793, n. 45. Courts, 15 C. J. p. 936, n. 15.

Master and Servant, 39 C. J. p. 975, n. 1, 98, 99; p. 976, n. 6, 8; p. 977, n. 10; p. 980, n. 17 New; p. 981, n. 28; p. 1052, n. 20; p. 1116, n. 61.

Pleading, 31 Cyc. p. 416, n. 43; p. 417, n. 47; p. 462, n. 87.

stances, be applicable in negligence cases between master and servant, including cases under the Federal employer's liability act. Under the evidence introduced, the jury would have been authorized to apply the maxim in this case, and to infer that the defendant was negligent as alleged in the plaintiff's petition. There was enough in the plaintiff's evidence to carry the case to the jury, and the court erred in awarding a nonsuit.

DECIDED NOVEMBER 15, 1926.

Action for damages; from Fulton superior court—Judge E. D. Thomas. November 24, 1925.

Application for certiorari was denied by the Supreme Court.

*Hugh Cobb, George & John L. Westmoreland,* for plaintiff.

*Little, Powell, Smith & Goldstein, Kendrick L. Scott,* for defendant.

BELL, J. In this action under the Federal employer's liability act, by Parrish against the Central of Georgia Railway Company, the court on demurrer struck an amendment to the plaintiff's petition, which had been allowed subject to demurrer, and at the close of the plaintiff's testimony awarded a nonsuit. The case is here upon exceptions by the plaintiff to these rulings. The original petition alleged: The plaintiff was a member of the defendant's switching crew in what is known as its "industry yard," in Fulton county, the work of this crew being "to make up and distribute trains in said yard." During a certain night the plaintiff, while in the line of his duty, was walking between tracks No. 2 and No. 3. A freight-train of the defendant, composed of fruit-cars, proceeded along track No. 2, and, as it was passing, the plaintiff was struck on his head by an open door of one of the cars, "which was swinging out 3-½ to 4 feet beyond the track upon which the said train was running," with the result that the plaintiff sustained described injuries. The plaintiff was injured through "the negligence of the defendant in allowing the door of said freight-train to swing open when it knew or ought to have known that its agents or servants were likely to be along or near the track of said train at the point where the plaintiff was struck."

The amendment to the petition was, "that the defendant was negligent in failing to make an inspection of the door of the fruit-car which swung open and hit plaintiff, as a proper inspection of the same at the point of loading would have disclosed the defective condition and want of repair of said door, and that in its bad condition it was likely to fly open and thereby endanger

the life and limbs of the plaintiff or other servants of the defendant engaged in their service along the line of the said defendant, similarly situated as the plaintiff was at the time he was struck by the open door, and that if said car door had been in good condition and repair, the same would not have swung open; that the door of said car was old and the latches thereon were insecure and out of repair, which caused the said door to fly open." The grounds of the defendant's demurrer to this amendment were: The allegations thereof are contradictory of the averment of the petition to the effect that the door was negligently left open by the defendant; and the amendment does not show in what way the door was defective nor in what manner the defendant was negligent either in allowing "the alleged defects to exist or in failing to discover same," or wherein the defendant failed to make an inspection of the door, or that an inspection would have revealed the alleged defective condition, or that in its alleged bad condition the door was likely to fly open.

The judgment excepted to was rendered on November 24, 1925. The bill of exceptions was presented on January 21, 1926, and contained the statement that it was presented "within the period allowed by law, the term of said court lasting more than 30 days," which statement was duly verified by the usual certificate of the presiding judge to the bill of exceptions. This certificate was signed by the judge on January 29, 1926. The defendant in error has moved to dismiss the bill of exceptions, upon the grounds that it does not appear that the bill was presented within 30 days after the adjournment of the term of the court in which the case was tried, and it does not appear that the bill was certified "within 30 days from said adjournment." The evidence will be referred to in the opinion.

1. · Where it appears from the bill of exceptions that the same was tendered within the time required by law, a mere failure on the part of the presiding judge to sign it within the time prescribed is not cause for dismissal. Civil Code (1910), § 6187. A bill of exceptions to review a judgment rendered in term must in every case be tendered to the trial judge within 30 days from the adjournment of the court, and must be tendered within 60 days from the judgment complained of, where the court is not adjourned within 30 days from its organization. Civil Code (1910), § 6152;

*Birmingham Finance Co.* v. *Chisholm,* 162 *Ga.* 501 (134 S. E. 301). It must affirmatively appear from the bill of exceptions or the entries thereon,· or the record, that the bill was presented within the time prescribed by law. *Crawford* v. *Goodwin,* 128 *Ga.* 134 (1) (57 S. E. 240). But where, as in the present case, the bill of exceptions affirmatively recites that it was tendered within the period allowed by law, and where the trial judge certifies the bill in the usual manner, and where nothing to the contrary appears, it will be assumed in this court that it was tendered in due time. *Taliaferro* v. *Smiley,* 112 *Ga.* 62 (1) (37 S. E. 106) ; *Evans* v. *State,* 112 *Ga.* 763 (38 S. E. 78). The statement in the bill of exceptions that the term of the court lasted more than 30 days was not contradictory of the statement that the bill of exceptions was presented within the period allowed by law, that is, within 30 days from the adjournment. Both these statements could be true. Hence, there is nothing to impeach the recital in the bill, certified to be true, that it was presented in time. From the dates set forth, the presentation was in 60 days from the judgment excepted to. Thus it appears that both limitations as to time of presentation were complied with. This case is to be distinguished from *Newton* v. *Burtz,* 44 *Ga.* 599; *Walters* v. *Morgan,* 46 *Ga.* 568; *Bush* v. *Kealon,* 65 *Ga.* 297 (2). In none of these cases was there a recital in the bill of exceptions that it. was presented within the period allowed by law. The present case is also different from the *Chisholm* case, supra, in that it affirmatively appeared from the date set forth in the bill of exceptions in that case that the court must have adjourned by operation of law more than 30 days prior to the tender of the bill of exceptions for certification. There is no merit in the motion to dismiss the bill of exceptions.

2. The amendment, when considered in connection with the allegations of the original petition, was not subject to the objections interposed thereto in the demurrer. There is no contention that it set forth a new and distinct cause of action. See *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5) (48 S. E. 318) ; *Georgia Ry. &c. Co.* v. *Reeves,* 123 *Ga.* 697 (1) (51 S. E. 610) ; *Bowen* v. *Adams,* 129 *Ga.* 688 (2) (59 S. E. 795)'. The demurrer was a general attack upon the amendment as a whole. There was no specific demurrer to any part of it for a want of sufficient particulars. The allegation that "the door of said car was old and the latches

thereon were insecure and out of repair, which caused the said door to fly open," was a sufficient specification of a defect, as against the general criticism in the demurrer, as was also the allegation that the defendant was negligent in failing to make an inspection.   Since the whole demurrer was to the whole amendment, and since it certainly can not be said that any objection made by the demurrer was fatal to the entire amendment, the demurrer failed and ought to have been overruled.   *Mendel* v. *Converse Co.*, 30 *Ga. App.* 549 (11) (118 S. E. 586) ; *So. Ry. Co.* v. *Phillips*, 136 *Ga.* 282 (1) (71 S. E. 414).

3.   The evidence authorized the inference that the plaintiff was struck by an open door of a passing train, at the time and under the circumstances alleged in the petition.   We think that from this evidence, unexplained, the jury would have been authorized to infer that the company was negligent as alleged in the petition.   *Bonita Theater* v. *Bridges*, 31 *Ga. App.* 798 (1 *c*) (122 S. E. 255).   This is to hold that in some circumstances the maxim res ipsa loquitur may be applicable in a suit for negligence by a servant against his master.   The same has been held before in this State, both by our Supreme Court and by this court.   *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106 (43 S. E. 443) ; *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (47 S. E. 329) ; *So. Ry. Co.* v. *Wessinger*, 32 *Ga. App.* 551 (124 S. E. 100) ; *Emory University* v. *Bliss*, 35 *Ga. App.* 752 (134 S. E. 637).   On careful examination we are of the opinion that this court did not rule to the contrary in *Williams* v. *W. & A. Ry. Co.*, 20 *Ga. App.* 726 (93 S. E. 555), although, in the opinion in rehearing, certain cases taking the opposite position were cited with apparent approval.   It remains, however, that no direct ruling was made upon the question in that case.   Both that and the later *Wessinger* case were suits under the Federal employer's liability act.   In the latter case we held directly that the maxim referred to may be applied in certain instances in cases arising under that act.   There is no reason why it may not be applied in a suit under the liability act, if it can be applied at all in negligence cases between servants and their masters.   This last has been disputed in many jurisdictions, and the Federal courts (other than the United States Supreme Court) have generally, but not universally, held that the rule is applicable in such cases not at all or only within certain more or

less narrow limitations. We can not concur in the view of the counsel for the defendant in error that the United States Supreme Court has made any ruling upon this question which could be said to be materially opposed to the doctrine announced by the Supreme Court of this State in the *Chenall* cases, cited above; but in view of what is said in the Gotschall case, infra, in our opinion the two courts are virtually in accord upon this question. See, in this connection, Great N. Ry. Co. *v.* Wiles, 240 U. S. 444 (36 Sup. Ct. 406, 60 L. ed. 732); Minn. Ry. Co. *v.* Gotschall, 244 U. S. 66 (37 Sup. Ct. 598, 61 L. ed. 995); So. Ry. Co. *v.* Bennett, 233 U. S. 80 (34 Sup. Ct. 566, 58 L. ed. 860); Looney *v.* Metro. Ry. Co., 200 U. S. 479 (26 Sup. Ct. 303, 50 L. ed. 564); Patton *v.* Texas Ry. Co., 179 U. S. 658 (21 Sup. Ct. 275, 45 L. ed. 361); Texas & P. Ry. Co. *v.* Barrett, 166 U. S. 617 (17 Sup. Ct. 707, 41 L. ed. 1136); Richey on Federal Employer's Liability Act (2d ed.), 330, § 163; 1 Roberts, Federal Liability of Carriers, 951, § 544; 4 Labatt on Master & Servant, §§ 1599, 1600, 1601, pp. 4851-4886. As between the decisions of the Supreme Court of this State and those of inferior Federal courts, we should regard the former as controlling on this court.

We are not ruling in this case that the negligence of the company may be inferred from the mere happening of the injury. The evidence showed that if the plaintiff was struck by the door as alleged, the door extended outward beyond the side of the car from 18 to 24 inches, and thus created a condition of the train that was both abnormal and dangerous. What we hold is that from the injury and the attendant circumstances the jury were authorized to find that the accident would not have happened unless the master, who was in control of the train, was lacking in diligence. Under the rulings made in the last review of the *Chenall* case, supra, the inference of negligence as to any defects in the door will at once lose its force should it appear that the defect was latent. The maxim in question would not be inapplicable merely because there was nothing to show whether the defect was latent or patent. *Ocean S. Co.* v. *Matthews,* 86 *Ga.* 418 (12 S. E. 632).

Those decisions which deny the applicability of the maxim in cases of master and servant generally proceed upon the theory that the injury may be attributed to the negligence of a fellow

servant or to contributory negligence of the plaintiff, or to some risk which he assumed, with as much reason as to the negligence of the master. It seems that these considerations could have no weight in a case under the Federal employer's liability act, from which the fellow-servant rule is excluded, as is also to some extent that of contributory negligence, and under which the rule as to the assumption of risk is purely defensive. Ridge v. Norfolk So. R. Co., 167 N. C. 510 (83 S. E. 762) ; Ala. & V. R. Co. v. Groome, 97 Miss. 201 (52 So. 703) ; Iarussi v. Mo. P. R. Co., 161 Fed. 66. See other cases cited in note in L. R. A., 1917E, 77, 78, and in 4 Labatt on Master & Servant, pp. 4869-4871. The doctrine known as res ipsa loquitur was defined by the United States Supreme Court in Sweeney v. Erving, 228 U. S. 232 (33 Sup. Ct. 416, 57 L. ed. 815, Ann. Cas. 1914D, 905) (not a master and servant case), as follows: "In our opinion res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

We think that in the absence of any explanation of the circumstances disclosed by the plaintiff's evidence, there was enough to carry the case to the jury, and therefore that the court erred in awarding a nonsuit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*