### 19248. CONE v. HUNTER, executrix.

BLOODWORTH, J.  1. "The law embodied in the Civil Code, § 6152, does not in any case authorize delay in tendering to a trial judge a bill of exceptions alleging error in a judgment rendered during a given term, for more than thirty days after the final adjournment of the court for that term. *Forsyth* v. *Preer*, 64 *Ga.* 281; *Huff* v. *Brantley*, 66 *Ga.* 599; *Dietz* v. *Fahy*, 107 *Ga.* 325 (33 S. E. 51); *Carter* v. *Johnson*, 112 *Ga.* 494 (2) (37 S. E. 736); *Heery* v. *Burkhalter*, 113 *Ga.* 1043 (39 S. E. 406); *Crawford* v. *Goodwin*, 128 *Ga.* 134 (2) (57 S. E. 240); *Brandon* v. *Akers*, 134 *Ga.* 78 (3) (67 S. E. 540); *First National Bank of Forsyth* v. *Taylor*, 138 *Ga.* 119 (74 S. E. 783); *Cunningham* v. *Strom*, 144 *Ga.* 324 (87 S. E. 20); *Grant* v. *Southern Bell Tel. Co.*, 145 *Ga.* 298 (89 S. E. 364)." *Birmingham Finance Co.* v. *Chisholm*, 162 *Ga.* 501 (1) (134 S. E. 301).

2. The judgment excepted to in this case was rendered on June 27, 1928, during the May (1928) term of the city court of Decatur. That term necessarily was adjourned before the beginning of the next term, which, under the law, convened on July 16, 1928. The bill of exceptions was certified by the judge on August 25, 1928, and it is admitted by counsel for the plaintiff in error in their brief that it was presented to him on the same day. This was more than thirty days after the rendition of the judgment to which exception was taken, *and more than thirty days after the adjournment of the term of court at which the judgment was rendered.* Under the foregoing ruling the writ of error must be dismissed.

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 11, 1928.

*Peek, Randolph & Wimberly, Morris Macks, Orville D. Rogers,* for plaintiff in error. *Madison Richardson,* contra.