WHITEMAN *v.* FEDERAL LAND BANK *et al.*

RUSSELL, Chief Justice. 1. "The bill of exceptions shall be tendered to the judge who presided in the cause within 30 days from the adjournment of the court or the date of the decision at chambers; and in the event that the court shall not adjourn within 30 days from the date of the organization and opening of the court, such bill of exceptions shall be tendered to the judge who presided in the cause within 60 days from the date of the decision, judgment, verdict, or decree rendered." Code, § 6-902.

2. "The law embodied in the Civil Code [1910], § 6152 [1933, § 6-902] does not in any case authorize delay in tendering to a trial judge a bill of exceptions alleging error in a judgment rendered during a given term, for more than thirty days after the final adjournment of the court for that term." *Birmingham Finance Co.* v. *Chisholm,* 162 *Ga.* 501 (134 S. E. 301), and cit.

3. "It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented within the time prescribed by law." *Dill* v. *Taylor,* 160 *Ga.* 234 (127 S. E. 737).

4. "Where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered, and the writ of error will be dismissed if a tender on that date was not within the time required by law." *Jones* v. *State,* 146 *Ga.* 8 (2) (90 S. E. 280).

5. The judgment excepted to in this case was rendered on April 9, 1937, during the January term of the superior court of Cobb County. That term necessarily was adjourned before the beginning of the next term, which under the law convened on the third Monday in April, 1937. The bill of exceptions was certified by the judge on May 24, 1937, more than thirty days after the rendition of the judgment to which exception was taken, and more than thirty days after the adjournment of the term of court at which the judgment was rendered. It does not appear from the bill of exceptions, or the entries thereon, or the record, that the bill of exceptions was presented prior to the date of the judge's certificate. It is stated in the bill of exceptions: "Plaintiff in error had sixty days in which to present this bill of exceptions; she presents this bill of exceptions in Cobb County, Georgia. within sixty days from the date of said hearing and the rendering of the judgment complained of in her bill of exceptions, and within the time allowed by law." The

statement that the plaintiff in error had *sixty* days in which to present the bill of exceptions is incorrect as matter of law. Under the preceding rulings the writ of error must be

*Dismissed. All the Justices concur.*

No. 11963. NOVEMBER 12, 1937.

*H. B. Moss,* for plaintiff.

*J. G. Roberts, Harry D. Reed,* and *G. Stokes Walton,* for defendants.