WILSON, executrix, *v.* DOBBS *et al.*

No. 12884. SEPTEMBER 15, 1939. REHEARING DENIED OCTOBER 13, 1939.

*Robert Lee Avary Jr.,* for plaintiff.

*McElreath, Scott, Duckworth & DuVall, Hooper & Hooper, Samuel A. Miller, Winfield P. Jones,* and *H. W. McLarty,* for defendants.

BELL, Justice. The judgments complained of, sustaining general demurrers of two defendants and dismissing the action as to them, were rendered February 18, 1939, during January term, 1939, of Fulton superior court. The bill of exceptions recites: "Now comes . . plaintiff in said case, within the time allowed by law and within sixty days from the date of the orders and judgments sustaining said general demurrers of said defendants (the court not having adjourned within thirty days of its organization for said term), and excepts," etc. The certificate to the bill of exceptions, signed "Virlyn B. Moore, Judge, Superior Court, Atlanta Circuit," is dated April 7, 1939, and contains this notation: "Tendered April 7/39. V. B. Moore, J." The demurrants, defendants in error, have filed motions to dismiss the writ of error, on the ground that the bill of exceptions was tendered to the trial judge more than thirty days after the final adjournment of the court for the term at which the judgments complained of were rendered.

The motions to dismiss are well taken, and must be sustained. The January term, 1939, of the superior court of Fulton County was necessarily adjourned before the beginning of the next term, which under the law convened on the first Monday in March, 1939 (Ga. L. 1905, p. 89), the calendar date being March 6. The bill of exceptions not having been tendered until April 7, 1939, it was not presented within thirty days from the adjournment of the term at which the judgments complained of were rendered, as required by law. Code, § 6-902; *Forsyth* v. *Preer*, 64 *Ga.* 281; *Huff* v. *Brantley*, 66 *Ga.* 599; *Dietz* v. *Fahy*, 107 *Ga.* 325 (33 S. E. 51); *Heery* v. *Burkhalter*, 113 *Ga.* 1043 (39 S. E. 406); *Jones* v. *State*, 146 *Ga.* 8 (90 S. E. 280); *Birmingham Finance Co.* v. *Chisolm*, 162 *Ga.* 501 (134 S. E. 301); *Whiteman* v. *Federal Land Bank*, 185 *Ga.* 26 (193 S. E. 881). Except for the notation by the trial judge, "Tendered April 7/39," the motions to dismiss might be denied under the Code, § 6-1312; *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (35 S. E. 168); *Proctor* v. *Piedmont Portland Cement Co.*, 134 *Ga.* 391, 394 (67 S. E. 942); *Sweat* v. *Barnhill*, 171 *Ga.* 294 (2) (155 S. E. 18). This notation, however, had the effect of contradicting the statement in the bill of exceptions that the plaintiff comes "within the time required by law," and showed affirmatively that such was not the case. See *Jones* v. *State*, supra; *Friendship Primitive Baptist Church* v. *Fuller*, 180 *Ga.* 469 (179 S. E.

343) ; *Coker* v. *Life & Casualty Insurance Co. of Tenn.*, 180 *Ga.* 525 (179 S. E. 626).

   *Writ of error dismissed. All the Justices concur.*