## 29072. KING *v.* CITY OF ATLANTA.

DECIDED NOVEMBER 19, 1941.

*G. Seals Aiken,* for plaintiff.

*J. C. Savage, E. L. Sterne, J. C. Murphy, F. A. Hooper Jr.,* for defendant.

STEPHENS, P. J.   The judgment complained of, granting a nonsuit, was rendered February 5, 1941, during the January term of Fulton superior court.   The bill of exceptions recites: "The Fulton superior court did not adjourn within thirty days from the organization and opening of said court," and that "within sixty days from the date said judgment of nonsuit was rendered, and within the time provided by law, Mrs. Eddie King tenders this her bill of exceptions and prays that the same be certified in terms of the law in order that the same with the record specified herein may be transmitted to the Court of Appeals of Georgia and the errors alleged to have been committed may be considered and corrected. . . The foregoing bill of exceptions is hereby presented by Mrs. Eddie King, the plaintiff in error, to Hon. Hugh M. Dorsey, presiding judge of Fulton superior court, Atlanta Circuit, on the 3rd day of April, 1941."   The certificate recites: "The foregoing bill of exceptions was tendered to me on the 3rd day of April, 1941, within the time provided by law, and the plaintiff in error has not been guilty of any delay or lack of diligence in having the bill of exceptions certified. . . This tendered on April 3rd & returned for additions.   This April 10, 1941."   The defendant in error has filed a motion to dismiss the writ of error on the ground that the bill of exceptions was tendered more than thirty days after the final adjournment of the court for the term at which the judgment complained of was rendered.

The January term, 1941, of Fulton superior court was necessarily adjourned before the beginning of the next term, which was the March term of that court and under the law convened on the first Monday in March (Ga. L. 1905, p. 89), the calendar date being March 3.   The bill of exceptions, not having been tendered until April 3, was not presented within thirty days from the adjournment of the term at which the judgment complained of was rendered, as required by law.   Code, § 6-902; *Whiteman* v. *Federal Land Bank,* 185 *Ga.* 26 (193 S. E. 881) ; *Birmingham Finance Co.* v. *Chisholm,* 162 *Ga.* 501 (134 S. E. 301), and cit.   "The law embodied in the Civil Code, § 6152, does not in any case authorize delay in tendering to a trial judge a bill of exceptions alleging error

in a judgment rendered during a given term, for more than thirty days after the final adjournment of the court for that term." *Birmingham Finance Co.* v. *Chisholm,* supra.

While the bill of exceptions recites that it was tendered within the time provided by law, it also recites that it was tendered on April 3, 1941, and the notation of the judge is that it was tendered April 3, 1941. It therefore affirmatively appears that it was not tendered within the time provided by law, and the motion to dismiss can not be denied under Code § 6-1312. *Wilson* v. *Dobbs,* 189 *Ga.* 29, 30 (5 S. E. 2d, 8), and cit.

It is not a compliance with Code § 6-902 that the bill of exceptions was tendered within sixty days from the judgment complained of, where the court had been adjourned more than thirty days at the time the bill of exceptions was tendered. The recital in the certificate that the plaintiff in error has not been guilty of delay or lack of diligence in having the bill of exceptions certified is contradicted by the fact that it affirmatively appears that the bill of exceptions was not tendered until April 3, 1941.

The motion to dismiss the writ of error is sustained.

*Writ of error dismissed. Sutton and Felton, JJ., concur.*