DURRELL *v.* WHITE *et al.*

No. 14926. SEPTEMBER 9, 1944.

*Neely, Marshall & Greene,* for plaintiff.

*Mitchell & Mitchell,* for defendants.

ATKINSON, Justice. Charles W. Durrell filed a petition in Fulton superior court against Clyde White and Vivian S. White to establish a line between his property and that of the defendants, and for a writ of injunction to restrain the defendants from encroaching upon his property. On February 15, 1944, the court directed a verdict for the plaintiff as against the defendant Vivian S. White, but against him in favor of the defendant Clyde White. Neither side filed a motion for new trial, but the plaintiff filed a motion to enter a judgment and decree against Clyde White, notwithstanding the verdict rendered by direction of the court, which motion was overruled on March 3, 1944. In a direct bill of exceptions error is assigned on the direction of a verdict for the defendant Clyde White, and on the order overruling the motion for a judgment non obstante veredicto. The bill of exceptions recites: "And now within the time provided by law comes . . plaintiff in error, and, assigning error on all of the rulings complained of as being contrary to law, tenders this his bill of exceptions," etc. The certificate to the bill of exceptions recites: "The foregoing bill of exceptions was tendered to me on the 24th day of April, 1944."

While the defendant in error has made no motion to dismiss the writ of error, "it is not only the right but the duty of a reviewing . . court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857); *Davis* v. *State,* 191 *Ga.* 558 (13 S. E. 2d, 351); *Milner* v. *Sunbeam Heating Co.,* 44 *Ga. App.* 221 (2) (160 S. E. 822). Where the bill of exceptions is not tendered within the time required by law this court is without jurisdiction to entertain it. *Evans* v. *State,* 112 *Ga.* 763 (38 S E. 78); *Harris* v. *State,* 117 *Ga.* 13 (43 S. E. 419); *Crawford* v. *Goodwin,* 128 *Ga.* 134

(57 S. E. 240); *Sistrunk* v. *Mangum,* 138 *Ga.* 222 (75 S. E. 7);
*Glawson* v. *State,* 140 *Ga.* 14 (78 S. E. 188); *Hurst* v. *State,* 145
*Ga.* 164 (88 S. E. 930); *Jones* v. *State,* 146 *Ga.* 8 (90 S. E. 280).
The January term, 1944, of the superior court of Fulton County
was necessarily adjourned before the beginning of the next term,
which under the law convened on the first Monday in March, to
wit, March 6, 1944. Ga. L. 1905, p. 89. The bill of exceptions,
not having been tendered until April 24, 1944, was not presented,
as required by law, within thirty days from the adjournment of
the term at which each of the judgments complained of was ren-
dered. Code, § 6-902; *Forsyth* v. *Preer,* 64 *Ga.* 281; *Huff* v.
*Brantley,* 66 *Ga.* 599; *Dietz* v. *Fahy,* 107 *Ga.* 325 (33 S. E. 51);
*Heery* v. *Burkhalter,* 113 *Ga.* 1043 (39 S. E. 406); *First National
Bank of Forsyth* v. *Taylor,* 138 *Ga.* 119 (74 S. E. 783); *Jones* v.
*State,* supra; *Birmingham Finance Co.* v. *Chisholm,* 162 *Ga.* 501
(134 S. E. 301); *Whiteman* v. *Federal Land Bank,* 185 *Ga.* 26
(193 S. E. 881); *Wilson* v. *Dobbs,* 189 *Ga.* 29 (5 S. E. 2d, 8).
*Writ of error dismissed. All the Justices concur.*