1540.  BENNETT *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. In a suit to recover damages for personal injuries received by a passenger from the sudden slamming of a car door by a servant of a railway company, in order to show a cause of action it is not necessary to allege that the servant had actual knowledge of the dangerous position of the passenger at the time the injuries were received, or that the act of the servant was intentional. Negligent ignorance on the part of the

servant, in connection with the act which caused the injury, may be sufficient to warrant a recovery.

2. The allegations of the petition make the question of the defendant's negligence an issuable fact; and, therefore, the court erred in dismissing the petition, on demurrer.

Action for damages, from city court of Savannah—Judge Freeman.   October 19, 1908.

Submitted January 27,—Decided May 18, 1909.

*Oliver & Oliver,* for plaintiff.

*Lawton & Cunningham, H. W. Johnson,* for defendant.

HILL, C. J.   Bennett sued the Central of Georgia Railway Company, to recover damages for personal injuries.   A demurrer, general and special, was sustained and the petition dismissed. This judgment is the error assigned.   The allegations of the petition to which the demurrer was directed, omitting mere formal parts, are, that on the afternoon of Saturday, June 6, 1908, the petitioner was a passenger on a train of the Central of Georgia Railway Company, returning from Tybee to the city of Savannah.   It became necessary for him to pass from the smoking-car into the passenger-car, and, in so doing, he approached the doorway of the passenger-car.   Just as he reached the door, a flagman of the Central of Georgia Railway Company approached the door from the other side, opened it, and passed out.   Petitioner stood aside for the purpose of permitting the flagman to pass.   On account of the rapid motion of the train, and for the purpose of steadying himself and preventing himself from falling, or from being thrown from the platform, he placed his hand upon the facing of the doorway of the car, not knowing that his fingers extended to that portion of the door-facing upon which the door shut.   He could not see that his hand was in a dangerous position, on account of the manner in which he was standing, and it was the only available place at that particular time which he could seize and hold for the purpose of steadying and holding himself on the platform. While he was so standing, and holding the door-facing with the end of his finger so extended in the door-facing where the door slams, the flagman, seeing him so standing upon the platform, and seeing him holding to the side of the door, and knowing that petitioner's hand was in a dangerous position, or when in the exercise of ordinary care he could have known that petitioner's hand was in a dangerous position, forcibly and violently seized the knob

of the door and shut it upon the end of petitioner's finger on the right hand, etc. Negligence is specifically charged in the following respects: (1) The flagman saw petitioner standing by the side of the door and holding it. He knew that petitioner's hand was in a dangerous position, and that when he slammed the door it would be caught and his finger mashed, or, if the flagman did not know these facts, by the exercise of ordinary and reasonable care he could have known them. (2) In wilfully slamming the door on petitioner's finger. (3) The flagman permitted the door to slam on petitioner's finger, when, by the exercise of ordinary care, he could have prevented it. The special demurrer attacks the allegations on the subject of negligence, contained in the second and third sub-paragraphs of the petition, on the ground that they are mere conclusions of the pleader, without any facts stated upon which to base the conclusion that the flagman wilfully slammed the door on petitioner's finger, or that the flagman could, by the exercise of ordinary care, have prevented the injury. The court required the plaintiff to amend so as to show actual knowledge by the flagman of the dangerous position of plaintiff's hand at the time he shut the door upon it. This amendment was not made.

Evidently the trial judge based his judgment upon the theory that no recovery could be had unless the evidence proved actual knowledge by the flagman, when he slammed the door, of the dangerous position of the plaintiff's hand on the door-facing; in other words, that the act of the flagman in slamming the door on the plaintiff's hand must have been intentional or wilful. We do not know upon what theory of the law this opinion is based. The code of this State, embodying elementary principles of law, declares that "every person shall be liable for torts committed by his servant . . within the scope of his business, whether the same be by negligence or voluntary." Civil Code, §3817. And where the master is a railway company and the party injured is a passenger, it imposes upon the former the duty of exercising, through its servants, agents, or employees, extraordinary care and diligence to prevent any injury to the latter. Civil Code, §2266. This degree of care is imposed upon the servants of the railway company to prevent and protect passengers from all injuries, and the railway company is responsible for any injury that the servant could have avoided by the exercise of such diligence. For a flagman or

other servant of the company to negligently slam a car door on the hand of a passenger would make the company liable in damages, just as for any other negligent act by the servant within the scope of his employment.

The learned counsel for defendant in error insists that "the natural result of opening and closing a car door, which was made to open and close, and is constantly used for that purpose, would not be to cause injury to any one;" and hence, he concludes, "unless the employee of the company, when using the door in this natural manner, knew that the passenger's finger was placed in the opening so that the door would shut on it, negligence in the opening and closing of it could not be charged." We think his conclusion is a palpable legal non-sequitur; for the employee, in closing the car door, is charged by law with the duty of exercising extraordinary care and diligence in opening and closing it, so as to prevent any injury to a passenger; and negligent ignorance in connection with this act, from which a passenger receives an injury, is no exception to the general rule of liability on the part of the master. With reference to the special demurrer: the petition alleges specific facts upon which to base the conclusion that the flagman, by the exercise of that degree of care which the law imposed upon him, could have known of the perilous position of the plaintiff's hand at the time he opened and shut the door. In a suit to recover damages for injuries received as a result of the negligence of a servant of a railway company, the right to recover does not depend upon actual knowledge, or wilful or intentional conduct on the part of the servant. It may be based on actual knowledge or wilful conduct, but negligent ignorance on the part of the servant of that which the law makes it his duty to know is all that is required. In safeguarding a passenger the law makes it the duty of the servant of the railway company to know every fact which by the exercise of extreme diligence he could discover.

To conclude, we think that the allegations of the petition are entirely sufficient to make the question of negligence by the flagman of the railway company an issuable fact, and that the court erred in sustaining the demurrer both on the general and the special grounds. The questions in this case are fully covered by the decision of this court in *Pacetti* v. *Central Ry. Co.,* ante, 97 (64 S. E. 302).                    *Judgment reversed.*