19274. McCOMBS *v.* SOUTHERN RAILWAY CO. *et al.*

DECIDED MAY 18, 1929.

*Porter & Mebane,* for plaintiff.

*Maddox, Matthews & Owens, J. L. Wallace,* for defendants.

BELL, J. Milton McCombs, a minor nine years of age, by

another as next friend, brought a suit for damages against Southern Railway Company and one Eugene Grace, alleging that in crossing a bridge erected by the defendant railway company over its railroad in the city of Rome and forming a part of a public street known as Calhoun Avenue, he, the plaintiff, was enveloped in a cloud of smoke, dust, and cinders negligently emitted from a locomotive of the defendant, which was passing under the bridge, and that at the same time the other defendant, who was crossing the bridge in an automobile, negligently ran over and injured the plaintiff, and that the negligence of each of the defendants contributed to and caused his injury.

The court sustained certain special grounds of the railway company's demurrer, and the plaintiff excepted. The exceptions then brought were considered by this court in the decision reported in 38 *Ga. App.* 429 (144 S. E. 137), where it was held that the trial court did not err in requiring the plaintiff to supply the information demanded by the demurrer. Direction was given, however, that the plaintiff be permitted to amend his petition accordingly at the time the judgment of this court was made the judgment of the court below.

The demurrer called for allegations as to whether or not a separate walkway for pedestrians was maintained on the bridge. When the case was again considered in the court below, the plaintiff offered an amendment wherein he averred that at the time of his injury he was crossing upon the upper or northern side of the bridge, and that this portion of the bridge had been used by pedestrians generally, as he was then using it, ever since the bridge had been erected by the railway company; that while there was no walkway on that side of the bridge, it was situated in a thickly and densely populated portion of the City of Rome, and that pedestrians in large numbers when crossing the bridge would walk upon the upper or northern portion thereof, as the plaintiff was doing at the time of his injury. The amendment further alleged that there was a walkway on the southern side of the bridge, but that this was used mainly by pedestrians who used the south side of Calhoun Avenue, and that pedestrians who used the north side of this avenue crossed the bridge by passing along the upper or northern portion thereof; that this had been the custom and practice of the public generally for a period of fifteen years, and that the defend-

ant knew of such use of the bridge and had never made any objection thereto, but had acquiesced therein "for said length of time." On the allowance of this amendment the demurrer of the railway company as originally filed, including general grounds, was renewed, and, upon consideration thereof, the court sustained the demurrer and dismissed the petition; whereupon, the plaintiff again excepted. Under the instant writ of error we have not only the question of whether the petition set forth a cause of action against the railway company, but also of whether the petition was subject to certain additional special grounds of demurrer, the validity of which was not adjudicated upon the former hearing.

In the original petition it was averred that the bridge was about fifteen feet in width and approximately sixty feet in length, constructed of wood, with banisters on each side four feet high; and that as the plaintiff was immediately above the road-bed and track of the railway company, a locomotive engine approached the bridge, and that "just as the smoke or exhaust stack of said locomotive engine approached the northern part of said bridge, said engine gave a quick, sudden, powerful, and unusual and unnecessary exhaust from said smoke or exhaust stack, and emitted and threw forth, out and over the top of said bridge, a great volume of smoke, dust, and cinders, completely enveloping the top and floor all around your petitioner with a great volume of smoke, dust, and cinders, said exhaust of said smoke, dust, and cinders from said engine temporarily blinding your petitioner and knocking him back to about the center of said bridge, completely covering up and obscuring [him?] from the vision of any one in said street; and while your petitioner was enveloped in said cloud of smoke on said bridge the other defendant herein, Eugene Grace, driving an automobile up and on said bridge from towards the east and going towards the west, ran into your petitioner while he was so enveloped in said cloud of smoke, dust, and cinders, and knocked your petitioner down with the automobile which he was driving, ran over him, and seriously injured him, as hereinafter set forth."

The allegations of negligence with respect to the railway company were as follows:

(Paragraph 16 of the petition) "Petitioner charges and alleges that the engineer, whose name to petitioner is unknown, who had said engine and locomotive of the defendant railroad company

in charge, approached said bridge from the north and going in a southerly direction, and as your petitioner and his companion were on said bridge, they were in plain view of the engineer of said locomotive and his said fireman, whose name is to your petitioner unknown, and that said engineer and fireman saw, or by the exercise of ordinary care could have seen, your petitioner and his said companion as they walked over, on, and along said bridge in said public street and highway as aforesaid, and that said engineer and fireman knew or should have known that said heavy, unnecessary, and unusual exhaust from said engine, which completely covered your petitioner with smoke, making it impossible for your petitioner to be seen as he walked in, along, and over said bridge, and that automobiles were passing over said bridge constantly, and that under said condition said engineer and fireman knew or should have known that your petitioner was liable and likely to be run into and over by some automobile driver along, over, and across said bridge as aforesaid. Your petitioner therefore shows that it was negligence in the defendant's agents in so using and manipulating said engine that it would and did envelop your petitioner in said great cloud of smoke as aforesaid, and that it was negligence in the defendant railroad company in its said engineer and fireman in not so running said locomotive engine under said bridge that it would not envelop your petitioner in smoke, dust, and cinders and hide and obscure him from the vision and sight of people driving automobiles in, on and across said bridge.

(17) "Your petitioner shows that as a member of the general public and having the right to the use of said bridge, and said defendant's agent, as aforesaid, knowing, or by the exercise of ordinary care and diligence could have known that your petitioner was walking along said bridge, that it was the duty of the defendant railroad company to use care and caution and not recklessly, negligently, and carelessly cause said engine to empty its exhaust and pour forth said volume of smoke and cinders in the face of your petitioner, blinding him and enveloping him in said volume of smoke, when as a member of the general public he had the right to the use of said street, and in walking across said bridge; that if said engineer had not caused said engine to emit said great volume of smoke, cinders, and dust, and completely envelop him

with said cloud of smoke, and hiding him from the presence of others on the street, your petitioner would not have been injured, and said automobile so driven by the said Eugene Grace would not have run into and against your petitioner. That the proximate cause, or one of the proximate causes, of the injury of your petitioner was the negligence of said railroad company as aforesaid."

As to the other defendant, Eugene Grace, the petition alleged:

(Paragraph 13) "Petitioner charges the defendant Eugene Grace was negligent in driving his said automobile into and through said volume of smoke, when your petitioner was enveloped as aforesaid, without stopping his said automobile until said smoke had cleared away; that the defendant Eugene Grace knew that your petitioner was on said bridge before he drove upon said bridge and before petitioner was enveloped in said cloud of smoke, and that it was negligence in the defendant Eugene Grace in running his said automobile into said cloud of smoke and striking and injuring your petitioner as aforesaid.

(14) "That it was negligence per se in the defendant Eugene Grace in driving his said automobile in and over said bridge at said high rate of speed, in that it is a violation of the municipal ordinances of the city of Rome to operate an automobile on and over and across a bridge, and within the corporate limits of the city of Rome, at a greater rate of speed than ten miles per hour.

(15) "That the defendant Eugene Grace is guilty of negligence per se, in that at the time he ran his said automobile along and over said bridge he was running said automobile at a greater rate of speed than ten miles an hour, in violation of the penal automobile statutes of the State of Georgia which prohibit the operation of a motor-vehicle over a bridge on a public road of the State of Georgia, at a greater rate of speed than ten miles per hour."

That the petition set forth a cause of action would seem to be settled by the decisions of this court in *Bonner* v. *Standard Oil Co.*, 22 *Ga. App.* 532 (96 S. E. 573); *Southern Cotton Oil Co.* v. *Wallace,* 27 *Ga. App.* 415 (108 S. E. 624). While the railroad company had the right and duty to carry on its usual and necessary business notwithstanding its tracks were situated under a bridge over which pedestrians and automobiles were constantly traveling, it could not unnecessarily endanger the safety of such travelers

without being answerable for negligence or misconduct in so doing; and the petition, having alleged that the engine gave a "quick, sudden, powerful, and unusual and unnecessary exhaust," as the result of which it emitted and threw forth a great volume of smoke, dust, and cinders, completely enveloping the top and floor of the bridge, blinding the plaintiff and knocking him back to about the center of the bridge, was not fatally defective as failing to show negligence on the part of the railway company. *Morgan* v. *Central Railroad*, 77 *Ga.* 788 (3) ; *Southern Ry. Co.* v. *Flynt*, 2 *Ga. App.* 162 (4) (58 S. E. 374) ; *Augusta Ry. & Electric Co.* v. *Lyle*, 4 *Ga. App.* 113 (60 S. E. 1075) ; *Charleston &c. Ry. Co.* v. *Boyd*, 5 *Ga. App.* 137 (62 S. E. 714). The plaintiff was neither trespassing nor acting without right even though he was passing along a portion of the bridge not provided with a walkway for pedestrians, but the fact that he was so traveling would go merely to the question of his own negligence or failure to exercise proper care, as an issue for determination by the jury. *William Bensel Const. Co.* v. *Homer,* 2 *Ga. App.* 369 (2) (58 S. E. 489) ; *City of Rome* v. *Phillips,* 37 *Ga. App.* 299 (3) (139 S. E. 828). Furthermore he was only nine years of age, and was not necessarily to be charged with that degree of care that should be exercised by an adult. Civil Code (1910), § 3474; *Savannah, Florida & Western Ry. Co.* v. *Smith,* 93 *Ga.* 742 (3) (21 S. E. 157). Hence, it can not be said as a matter of law that the plaintiff so negligently placed himself in a position of danger from passing automobiles that he should be barred from a recovery for such injuries as he may have sustained from negligence, if any, of other persons.

But even if the plaintiff should be considered as a trespasser or as being at a place where he had no right to be, it still can not be said that the company violated no duty of diligence toward him. Where the circumstances are such that the employees of a railway company in charge of one of its trains are bound on a given occasion to anticipate that a person may be in a position of danger with respect to the track and the operation of the train, they are under a duty to take such precautions to prevent injuring him as will meet the requirements of ordinary care and diligence, and this rule may be applicable even in the case of a trespasser, where he is using the property of the railway company in accordance with

a custom or practice followed by the public generally, with the implied knowledge and consent of the company, and where under the circumstances the presence and peril of such person, or of some one, should have been anticipated by the company. *Williams* v. *Southern Ry. Co.,* 11 *Ga. App.* 305 (75 S. E. 572); *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592); *Bullard* v. *Southern Ry. Co.,* 116 *Ga.* 644 (43 S. E. 39); *M. & B. R. Co.* v. *Parker,* 127 *Ga.* 471 (56 S.. E. 616); *L. & N. R. Co.* v. *Rogers,* 136 *Ga.* 674 (71 S. E. 1102); *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (5) (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675).

The allegations of the petition do not show conclusively that the negligence of the defendant Grace was the sole proximate cause of the plaintiff's injuries, but it sufficiently appears as against demurrer that the negligence of the railway company was a contributing factor. It is averred that the defendant Grace knew that "petitioner was on said bridge before he drove upon said bridge and before petitioner was enveloped in said cloud of smoke;" but it does not appear that the plaintiff at that time was in the path of the automobile, or that he would necessarily have been struck thereby except for the negligence of the railway company, which, according to the other allegations, blinded the plaintiff and knocked him back to the center of the bridge, "completely covering up and obscuring [him] from the vision of any one in said street," and that he was struck by the automobile while thus enveloped "in said cloud of smoke on said bridge."

We have carefully examined the several decisions cited by counsel for the railway company, and can not agree that this is one of those "plain and indisputable cases" in which the question of what was the proximate cause of the plaintiff's injuries should be determined by the court on demurrer, but are of the opinion that upon proof of the averments of the petition the plaintiff would be entitled to have the case submitted to the jury. Compare *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109); *Ga. Ry. & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713); *Spires* v. *Goldberg,* 26 *Ga. App.* 530 (106 S. E. 585); *Letton* v. *Kitchen,* 37 *Ga. App.* 111 (139 S. E. 155), affirmed, 166 *Ga.* 121 (142 S. E. 658). Furthermore, did not our former ruling in this case necessarily adjudicate that the petition set forth

a cause of action in substance? In *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (4) (13 S. E. 809), it was held that "in order for a declaration to be amendable *in form,* a substantial cause of action must appear, otherwise there is not enough to amend by" (italics ours). Under that principle it would seem that when this court gave direction that the plaintiff be allowed to amend the petition in order to meet certain special grounds of demurrer going to matter of form, we were obliged to hold that the petition was good in substance. In this view "the law of the case" would have prevented a dismissal of the petition upon general demurrer when the case came on again for disposition in the lower court, unless the facts were so changed by amendment as to negative the right of action as formerly pleaded. The amendment did not, in our opinion, have such effect.

As shown in the above statement of facts, paragraph 16 of the petition alleged in effect that the engineer and the fireman saw or by the exercise of ordinary care should have seen the plaintiff as he was walking over and along the bridge, and that the engineer and the fireman knew or should have known that the exhaust from the engine would envelop the track with smoke, dust, and cinders, covering the plaintiff with smoke and making it impossible for him to be seen as he walked on the bridge, and that under such conditions the engineer and the fireman knew or should have known that the plaintiff was likely to be run into and over by some automobile. The defendant railway company demurred specially to these averments upon the following grounds:

" (*a*) That said averments are vague, indefinite, and uncertain, in that it is not alleged whether defendant's agent actually knew that plaintiff was walking on said bridge, or that he could have discovered same by the exercise of ordinary care and diligence.

" (*b*) That it is not alleged, and said averments are insufficient to show, whether the plaintiff relies upon actual knowledge on the part of defendant's agent, or merely implied knowledge."

We are aware of no rule of law which would have required the railroad employees to look upward from the engine to see if there were persons upon the bridge, and, in the absence of some provision of law making it their duty to do so, the allegation that they either saw, or ought to have seen the plaintiff was insufficient to show negligence on their part. Otherwise, however, as to the

averment that such employees knew, or should have known, that the plaintiff was crossing the bridge, and knew, or should have known, that to envelop him in a cloud of smoke from the engine would be likely to place him in danger of being run over by some passing automobile. If the allegations are true, the railway company was charged with notice of the fact that the bridge was used by the public, and even had knowledge that pedestrians frequently and constantly used the north side of the bridge as a walkway, as the plaintiff was doing upon the occasion in question. The duty to know of this fact sufficiently appearing, an allegation that the defendant either knew or ought to have known was not inadequate as failing to show negligence. *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (2) (116 S. E. 57).

While the allegation that the engineer and fireman saw or should have seen the plaintiff upon the bridge was ineffectual and should be disregarded, the demurrer thereto made the mistake of including in the attack other averments of the petition which were not subject to the criticism made, and so, because of its own imperfection, should have been overruled. *Southern Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (71 S. E. 414) ; *Parrish* v. *Central of Ga. Ry. Co.,* 36 *Ga. App.* 133 (135 S. E. 762).

The proffered amendment sufficiently met the special grounds of the demurrer which were considered by this court upon a former hearing. There was no merit in any of the other special grounds of the demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*