36242.  FRAZIER *v.* DAVIS.

Decided July 9, 1956.

174

Myrick & Myrick, Shelby Myrick, for plaintiff in error.

*Myrick & Myrick, Shelby Myrick,* for plaintiff in error.
*Lewis, Wylly & Javetz,* contra.

GARDNER, P. J. The heads which we will discuss are (1) that the petition should set out the actual contents of the child's stomach; (2) that pleading knowledge in the alternative is improper; (3) that the general demurrer is good.

As to point 1, it is the contention of counsel for the defendant that counsel is entitled to know the contents of the child's stomach which were pumped out. He further contends that, unless the contents of the stomach were alleged, any reference to having pumped out the contents of the stomach is harmful to the defendant, and such allegation might or might not benefit the plaintiff in the trial of the case. It is our opinion that the court did not err in refusing to require the plaintiff to allege the contents of the child's stomach even under the contentions of counsel for defendant in error. We cannot discern how, under the

circumstances, when the contents of the child's stomach were pumped out, the plaintiff or anyone upon whom she was relying could have anticipated that the child's death would follow the next day, and thus have the contents of the child's stomach analyzed.

As to the second contention regarding alternative pleadings, our understanding of the law is that where preliminary facts necessary to disclose a duty of knowledge have been set forth, a statement that the defendant knew or ought to have known is not objectionable as failing to show negligence and is an improper allegation of notice. Where actual knowledge is essential to a cause of action, this form of pleading is not proper. Under the allegations of this petition such pleading as is here alleged is not improper. We call attention to *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507, 519 (116 S. E. 57). In that case this court said: "We think that the case now at bar comes within the class first mentioned, holding that where the facts show the relation from which the duty to know arises, a general averment that the defendant knew or ought to have known of the defects from which the injury resulted is sufficient to set forth a cause of action in this particular respect." In the instant case the relationship of physician and patient authorized, in our opinion, the allegation that the duty of the physician "to know or ought to have known" is not objectionable as failing to show negligence. We call attention in this connection also to *McCombs* v. *Southern Ry. Co.*, 39 *Ga. App.* 716, 724 (148 S. E. 407), wherein this court said: "If the allegations are true, the railway company was charged with notice of the fact that the bridge was used by the public, and even had knowledge that pedestrians frequently and constantly used the north side of the bridge as a walkway, as the plaintiff was doing upon the occasion in question. The duty to know of this fact sufficiently appearing, an allegation that the defendant either knew or ought to have known was not inadequate as failing to show negligence." See also *Atlanta Paper Co*. v. *Sigmon*, 82 *Ga. App.* 730 (2) (62 S. E. 2d 363), in which this court said: "Where the allegations showed that the plaintiff was an invitee on the premises of the defendant, allegations in the alternative, charging the defendant with actual or with constructive knowledge of the conditions producing the injury, were sufficient." See also

176

*Kelley* v. *Black,* 203 *Ga.* 589, 593 (47 S. E. 2d 802) wherein the Supreme Court said: "Although the petition did not allege that the defendant actually knew that the anti-freeze was dangerous, it did allege that she knew or should have known that it was highly inflammable, and would explode if and when coming in contact with fire. This was a sufficient allegation as to knowledge, in view of other allegations showing that the defendant owed to the child the duty of ordinary care to keep the premises safe. *Cedartown Cotton &c. Co.* v. *Miles,* 2 *Ga. App.* 79 (1), 82 (58 S. E. 289); *Pacetti* v. *Central of Georgia Railway Co.,* 6 *Ga. App.* 97 (1) (64 S. E. 302); *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (2a) (116 S. E. 57). The rule is different where such duty of ordinary care does not arise merely from the legal relation. *Babcock Bros. Lumber Co.* v. *Johnson,* 120 *Ga.* 1030 (6) (48 S. E. 438); *Central of Georgia Railway Co.* v. *Tapley,* 145 *Ga.* 792 (2) (89 S. E. 841)." Code § 84-924 reads: "A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had." See to the same effect *Grubbs* v. *Elrod,* 25 *Ga. App.* 108 (102 S. E. 908); *Keen* v. *Coleman,* 67 *Ga. App.* 331, 335 (20 S. E. 2d 175); *Babcock Bros. Lumber Co.* v. *Johnson,* 120 *Ga.* 1030 (6) (48 S. E. 438); and *Henderson* v. *Nolting First Mortgage Corp.,* 184 *Ga.* 724, 735 (193 S. E. 347, 114 A. L. R. 1022). There are other decisions of the appellate courts to the same effect as we have above set forth but we see no necessity of citing further authorities on this assignment. However, we do feel that we should call attention to and analyze to some extent the decisions relied on by the defendant for a reversal on this special contention. Said counsel contend that the cases of *Grubbs* v. *Elrod,* 25 *Ga. App.* 108 (102 S. E. 908), and *Kuttner* v. *Swanson,* 59 *Ga. App.* 818 (2 S. E. 2d 230), are not authority for sustaining the court's ruling regarding alternative pleadings. Counsel calls attention to the following opinions in which it is contended that in recent years such decisions have not been followed. Those cases are *Doyal* v. *Russell,* 183 *Ga.* 518, 534 (189 S. E. 32) and *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476 (198 S. E. 217). A casual reading of the *Doyal* case shows

that it has no elements whatsoever of the allegations in the instant case. It will be noted that hereinabove we set out that where in effect the relationship was a relationship such as physician and patient, it is sufficient to allege that the defendant knew or should have known and that in all other cases not based on that principle of law he could not plead in the alternative. The facts in the *Groover* case are as far removed from the relationship of a physician and a patient as they could possibly be. The *Groover* case is a trover action. Counsel also cites *Davison* v. *Woolworth Co.*, 186 *Ga.* 663 (198 S. E. 738). The facts in that case are in no wise similar to the facts in the instant case. It will thus be seen, as we have hereinabove stated, that where the relationship is such that the defendant is required either actually to know, or it is held that by the exercise of ordinary care he should have known, regarding a duty devolved on the defendant, such as here, between physician and patient, such pleadings are sufficient.

The allegation that a defendant "knew or should have known" is a sufficient allegation as to knowledge. The rule is different where such duty of ordinary care does not arise merely from the legal relation.

The defendant's third contention is that the court erred in not sustaining the general demurrer to the petition as amended. It is argued that since the court struck on special demurrer the statement "that all standard authorities on pharmacology held that great caution should accompany the administration of this drug to children," this left the petition as a whole inadequate to sustain a cause of action. We disagree with this contention of the defendant and hold that the petition, as amended, sets out a cause of action.

The court did not err in overruling the demurrer to the petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*