36974. BELCH *et al. v.* SPRAYBERRY.

DECIDED JANUARY 30, 1958.

*Vickers Nugent, Eberhardt, Franklin, Barham & Coleman, H. C. Eberhardt,* for plaintiffs in error.

*Jack J. Helms, Bobby Lee Cook,* contra.

TOWNSEND, Judge. ■ Special demurrers were interposed to the allegations contained in each count of the petition that "On February 22, 1957, Elton Belch held a trust title to one 1957 Ranchero pickup truck for the benefit and convenience of M. K.

Belch" on the grounds that it is not alleged in what manner the trust title was held or how it was held for the benefit and convenience of M. K. Belch, and that the allegation is a conclusion unsupported by any pleaded facts. The petition affords no key to what is meant by the words "trust title." It might be the pleader is going on the assumption that an implied trust existed under Code § 108-106 either because M. K. Belch advanced the purchase money or because it was the intention of the parties that the son, although taking legal title, should have no beneficial interest in the property. Where one purchasing property places title in another for his own convenience, an implied trust exists. *Swift* v. *Nevius,* 138 *Ga.* 229, 232 (75 S. E. 8). The plaintiff, however, fails to allege that M. K. Belch advanced the purchase money or how he was otherwise equitably entitled to the truck or that he in fact exercised dominion and control over it. Construing the petition most strongly against the pleader, the trust title might be an express trust under Code § 108-105 which must be in writing. If so, and if under the provisions of Code (Ann.) § 108-111.1 it was still executory (as, if the trustee had certain duties to perform such as selling or otherwise disposing of it) both the legal title and the physical possession and control would be in Elton Belch as such trustee. Even if only an implied trust existed, such might be the case. " 'In creating a trust estate, the owner of the property of which the trust estate is constituted parts with all rights to it as effectually as if he had sold and conveyed it to another person in an ordinary business transaction.' " *Butler* v. *Citizens & Southern Nat. Bank,* 211 *Ga.* 414, 419 (86 S. E. 2d 520). If, however, there were an express trust which was executed rather than executory, the legal title would have been merged with the equitable interest. Code § 108-112.

M. K. Belch may be held as a party to this action only on the theory of respondeat superior, the petition not alleging facts sufficient to show negligence on his part in permitting a drunken person to drive his car. In so far as this relationship is sought to be shown by his connection with the automobile operated at the time in question by his son, the pleaded facts must be such as to show that M. K. Belch had and exercised exclusive rights of possession, dominion and control over the property. Accordingly, since the allegation regarding trust title is as likely to

invest in Elton Belch not only the legal title but the possession, dominion and control of the vehicle as well as it is to place such dominion and control in the defendant M. K. Belch, it is not sufficient to affirmatively show that M. K. Belch had exclusive possession, dominion and control over the vehicle in question as to counts 1, 2, and 4. However, in count 3 it is further alleged not only that M. K. Belch *was* the holder of the equitable title to said vehicle, but that it *was provided by him* for the comfort and convenience of his family and that he allowed his son the use of it. Count 3 accordingly shows possession, dominion and control, as well as equitable ownership, in M. K. Belch, which facts do not appear in the other counts expressly or by inference. It follows that the trial court erred in overruling the special demurrers of both defendants to all counts of the petition on these grounds, and further erred in overruling the general demurrer of M. K. Belch to counts 1 and 4.

■ Counts 1 and 3 contain the allegation that "M. K. Belch knew or should have known by the exercise of the slightest degree of diligence that Elton Belch was and had been for several hours prior to the aforesaid accident in an intoxicated condition, and therefore not competent to operate a motor vehicle." "Where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter, under the rule that the pleadings must be construed most strongly against the pleader. So, where any one of several averments alleged in the alternative is insufficient to state a cause of action, the entire pleading is bad and subject to general demurrer." *Doyal* v. *Russell*, 183 *Ga.* 518 (4, 5) (189 S. E. 32); *Consolidated Distributors* v. *City of Atlanta*, 193 *Ga.* 853 (20 S. E. 2d 421); *W. P. Brown & Sons Lumber Co.* v. *Echols*, 200 *Ga.* 284 (36 S. E. 2d 762). The allegation that M. K. Belch, in the exercise of the slightest degree of diligence, should have known that Elton Belch was intoxicated is a mere conclusion of the pleader where no facts are set forth to show how in the exercise of any care he would have obtained such knowledge. "An allegation that the defendant 'knew or ought to have known' of a matter, knowledge of which is essential to raise the duty and the consequent liability for neglect, is equivocal, and will be construed as asserting merely the conclusion of the pleader that

the defendant had constructive knowledge. Such an allegation is permissible, however, when the petition alleges specific facts showing a relationship or a set of circumstances which imposes upon the defendant a duty to anticipate or to know of the thing in question." *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (1) (64 S. E. 302). No such facts having been alleged here, the allegation was subject to special demurrer and should have been stricken. This being the only negligence alleged against M. K. Belch in count 1, this count, as to the defendant M. K. Belch, failed to allege a cause of action and his general demurrer thereto should have been sustained.

■ Count 3 alleges the following: "Elton Belch is the adult son of M. K. Belch, and M. K. Belch permits him to live in his home without charge, customarily and voluntarily allowing Elton Belch to use the vehicle hereinbefore described, until its total destruction on the date last before said, on the same footing that he permitted other members of his family, Mrs. M. K. Belch, to use said vehicle and the certain 1954 Dodge pickup truck which the above described vehicle had replaced two days prior to the said accident. Said vehicle and the vehicle it replaced was provided by M. K. Belch as a family-purpose vehicle for the comfort and convenience of his family and that the son was, on the day in question, using the truck for his pleasure and convenience." The demurrers are that Elton Belch, being an adult male, was not a member of M. K. Belch's household; that the allegations are insufficient to show a family use of the vehicle and that references to defendant's wife and to another truck are immaterial and prejudicial. In *Hubert* v. *Harpe,* 181 *Ga.* 168 (182 S. E. 167) it was held as follows: 'Where a father keeps and maintains an automobile to be used for the comfort and pleasure of his family, including his wife and minor children, and where he permits a nondependent, self-supporting adult son to reside in his home without charge, whom he also as a matter of custom voluntarily permits to use and drive the automobile for the comfort and pleasure of the son upon the same footing as the father's wife and minor children, the father can be held liable for a personal injury to a third person proximately caused by the negligent operation of the automobile by such son, where at the time of the injury the son was driving the vehicle for his own

recreation and pleasure by the express or implied permission of the father." Accordingly, the adult son was such a person as under the allegations of this petition might be included within the family-car rule. We are asked to hold as a matter of law that because the vehicle in question was a truck instead of a passenger car it could not have been provided for the pleasure and convenience of the family. Such a conclusion would of necessity have to be drawn from experience rather than legal knowledge, and experience would dictate a contrary conclusion, especially in communities where many a rural family depends upon a single truck as its means of transportation for both business and pleasure. The allegation that the truck was made available in the same way to other members of the defendant's family is not irrelevant—it is one of the facts that should appear where the family-car doctrine is invoked. Since this particular truck had been purchased only two days before the collision, the fact that it replaced another family-purpose car is also relevant and material. Accordingly, the general and special demurrers to count 3 were properly overruled.

Nothing to the contrary is held in *Studdard* v. *Turner*, 91 *Ga. App.* 318 (85 S. E. 2d 537) on which the plaintiff in error relies. In fact, an examination of the record in that case reveals that the special demurrers there were based almost entirely on the absence of the very allegations on which the plaintiff in this case relies, to the effect that the automobile was furnished by the owner for the comfort and convenience of his family, including the other defendant, and was being used for the latter's pleasure and convenience at the time of the collision.

■ Although the allegations of the petition contained in count 2 are insufficient, as pointed out in division 1 hereof, to show any liability on the part of M. K. Belch based merely upon the theory that he was the equitable owner of the vehicle in question, a relationship of principal and agent could exist between the parties regardless of whether or not M. K. Belch exercised possession, dominion and control over the truck, and the allegation contained in count 2 that "Elton Belch was at the time in question an agent and employee of M. K. Belch acting within the course and scope of his employment, with the express permission and consent and for the benefit of the latter" is a sufficient allegation of agency

to bind M. K. Belch for the tortious misconduct of the defendant Elton Belch. See *Conney* v. *Atlantic Greyhound Corp.,* 81 *Ga. App.* 324 (58 S. E. 2d 559). Accordingly the judgment overruling the general demurrer to count 2 of the petition is without error.

■ Count 4, added by amendment, is also apparently based on agency but alleges merely that "Elton Belch was operating said vehicle in said negligent manner for the benefit of or in the prosecution of the business of said defendant, M. K. Belch." As to the defendant M. K. Belch, this count adds nothing to the allegations of count 2; it is in the alternative; it fails to show exactly what theory of recovery is relied upon, and fails to allege any facts or to positively allege any permissible legal conclusion on which such liability might be predicated. The amendment seems to have been drawn in the language of Code (Ann.) § 68-301 (Ga. L. 1955, p. 454) as follows: "Every owner of a motor vehicle operated upon the public highways, roads or streets of this State shall be liable and responsible for the death, or injuries to person or property resulting from negligence in the operation of such motor vehicle if said motor vehicle is being used in the prosecution of the business of such owner or if said motor vehicle is being operated for the benefit of such owner." As stated in division 1 hereof, the allegations (the remainder of which are taken from count 1 by reference) are insufficient to show ownership and control in M. K. Belch, and, as stated in division 2, the alternative pleading is bad and represents no more than a conclusion of the pleader. A general demurrer does not admit conclusions of the pleader if the facts on which the conclusions are supposed to rest are not averred. *Dowling* v. *Southwell,* 95 *Ga. App.* 29 (96 S. E. 2d 903); *Presley* v. *Presley,* 77 *Ga. App.* 99 (47 S. E. 2d 647); *Fite* v. *McEntyre,* 77 *Ga. App.* 585 (49 S. E. 2d 159). The general demurrers of M. K. Belch to count 4 should have been sustained.

The court erred in overruling the general demurrers of M. K. Belch to counts 1 and 4 and also erred in overruling the special demurrers of both defendants to paragraph 3 of each of the 4 counts, to paragraph 5 of count 1 and to paragraph 6 of count 3.

The court did not err in overruling the general demurrer of Elton Belch to counts 1, 2 and 4 and the general demurrer of both defendants to count 3, and also correctly overruled the remaining grounds of special demurrer.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*