38622. ED SMITH & SONS, INC. v. MATHIS *et al.*

DECIDED APRIL 21, 1961—REHEARING DENIED MAY 11, 1961.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Ernest P. Rogers, Barry Phillips, Wm. W. Cowan,* for plaintiff in error.

*Calhoun & Calhoun, Walter W. Calhoun, Bryan, Carter, Ansley & Smith, W. Colquitt Carter, Charles H. Hyatt,* contra.

BELL, Judge. ■ The defendant Ed Smith & Sons, Inc., astutely contends that the allegation in the petition that the driver of the tractor and earth mover was at all times an agent and servant of the defendant Ed Smith & Sons, Inc., is in irreconcilable conflict with the succeeding paragraph which alleges that the other defendant corporation was the general contractor on the construction project, and that it retained the right to and did direct and control the time and manner of the execution of the work being performed by the codefendants Ed Smith & Sons, Inc., and its agent and servant James Hare, the driver. Many of the cases and authorities cited by the defendant are concerned with leased vehicles, but under the view we take of the situation here, none is relevant. Other cases cited relate to situations where one employee becomes the special employee of another employer, but neither are these cases in point.

As we construe the petition, the allegations charge the Hewitt Contracting Co., the principal contractor, as having under its control, and having the right to direct and control, the performance of work by Ed Smith & Sons, Inc., a subcontractor, and the latter's employee, the individual defendant.

While it is a general principle of law that the contractor is not liable for the torts and negligence of subcontractors and their servants (see 57 C. J. S., Master and Servant, § 584, p. 353, et seq., and *Massee & Felton Lumber Co. v. Macon Cooperage Co.,* 44 Ga. App. 590, 162 S. E. 396), there are well recognized exceptions to this general rule of non-liability for the acts of independent contractors which are set forth in *Code* § 105-502. This Code section gives six exceptions to the general rule of non-liability. The fifth of these six exceptions is, "If the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that an injury results which is traceable to his interference." In the

*Massee* case, supra, at p. 591 (2), the test to determine the relationship of the parties under the contract was stated to be whether the contract gives, or the employer assumes the right to control the time and manner of executing the work as distinguished from the right merely to require results in conformity with the contract. As we construe the petition, it charges the retention of control in the contractor so as to make the subcontractor his servant rather than an independent contractor and, further, makes the servant of the subcontractor also the servant of the contractor. The mere fact that the contractor has the right, or assumes the right, to control and direct the subcontractor and the subcontractor's employee, does not operate to relieve the subcontractor of liability for his own employee's negligence, particularly where the petition alleges the driver was at the time acting as agent and servant of both the contractor and the subcontractor. An authoritative work in the field of agency law declares that a person may be the servant of two masters, not joint employers, at one time as to one act if the service to one does not involve abandonment of the service to the other. 1 Restatement of Agency 2d, § 226, p. 498. See also *Atlanta & Fla. R. Co. v. Kimberly*, 87 Ga. 161, 168 (13 S. E. 277, 27 Am. St. Rep. 231). While in the relatively recent case of *Peabody Mfg. Co. v. Smith*, 94 Ga. App. 240 (94 S. E. 2d 156), in an action in which the plaintiff sought to hold both the contractor and the subcontractor liable for the negligence of the employee of the subcontractor, this court construed the welder as being an employee of the subcontractor, and held that the trial court did not err in sustaining the motion to dismiss the action against the contractor, we do not regard the case as holding that an employee can never be subject to control by two masters.

In accordance with the views expressed, the trial court did not err in overruling the general demurrer nor the defendant's special demurrer number 2.

■ Special demurrer number 3 moved to strike a portion of paragraph 12 of the petition which alleged that the individual defendant was acting in the scope of his authority as a driver of the tractor and earth mover used in the prosecution of that de-

fendant's business, on the ground that the same is vague, indefinite, and uncertain in that there are no facts alleged in the paragraph showing in which of the defendants' businesses the plaintiffs contend the vehicle was being used at the time and place, or how and in what manner the tractor was being used in the prosecution of the defendant's business at the time and place. Reading the petition as a whole, there are sufficient allegations as to the nature of the business, specifically the construction work which is set out in some detail in the petition, to apprize the defendant fairly of the plaintiff's contention. Other details would be a matter of evidence.

Special demurrer number 4 attacks the question of control of the driver. The discussion in division 1 of this opinion controls this point. The trial court properly overruled this demurrer.

Special demurrer number 5 moves to strike two subparagraphs of paragraph 15 of the petition, subparagraph 1 alleging negligence in failing to control the speed of the tractor and earth mover in operating it at a speed greater than was reasonable and prudent under the conditions then existing in violation of Code Ann. § 68-1626 (a) and (c), and the other alleging negligence per se in driving and propelling the vehicle westerly over a public highway in violation of Code Ann. § 68-1639. This special demurrer raises the contention that these sections do not apply to persons, teams, motor vehicles and other equipment at a place where work is in process on a highway or bridge while engaged in work under Code Ann. § 68-1603 (b). This Code section in subparagraph (a) provides that the provisions of Chs. 68-15 through 68-17 and others listed apply to the drivers of vehicles owned or operated by the United States, any State, or any political subdivision, but subparagraph (b) provides: "Unless specifically made applicable, the provisions of said law shall not apply to persons, teams, motor vehicles, and other equipment while at a place where work is in process on the highway or a bridge and while engaged in such work, but shall apply to such persons and vehicles when traveling to or from such places where work is in process." This exclusionary provision of Title 68 has not yet been interpreted, but we construe it as intended to apply only where the bridge or highway

is in the process of being constructed. Therefore, as charged in the petition here, if the contractor's vehicles are engaged in work adjacent to a highway open to the public, the general traffic regulations of Chs. 68-15 through 68-17 are applicable when the contractor's vehicle enters upon or travels a highway where vehicle traffic is permitted.

Special demurrers numbers 6, 7, and 8 attack other subparagraphs of paragraph 15, contending these are vague, indefinite, and uncertain as mere conclusions without factual support, there being no facts alleged in the petition to show in what manner the plaintiffs contend the defendants were negligent in driving the tractor and earth mover onto the expressway or how the earth mover or tractor should have been stopped, and that there were no facts alleging there was any duty on the part of the driver of the tractor and earth mover to stop, and that there were no facts in the petition showing that the driver of the tractor and earth mover could have seen the vehicle in which the plaintiffs were driving at the time he allegedly drove the tractor and earth mover onto the expressway. These contentions are without merit. Another of these special demurrers attacks the allegation that the defendants were negligent in driving the tractor and earth mover from the shoulder of the road and onto the expressway and into the side of the deceased's automobile. Another similarly attacks the charge of negligence in propelling the defendant's vehicle onto the expressway and into and against the vehicle of the deceased. These allegations we feel are sufficient to charge negligence and to apprize the defendants of the basis of liability against them. The remaining grounds of special demurrer are controlled by these views and are without merit.

The trial court properly overruled the defendant's general and special demurrers.

*Judgment affirmed. All the Judges concur, except Felton, C. J., who dissents, and Eberhardt, J., who concurs specially.*

FELTON, Chief Judge, dissenting. I think that the general demurrer and the second, third and fourth special demurrers of Ed Smith & Sons, Inc., should have been sustained. The petition alleges that Hewitt Contracting Co. was the general

contractor and did at all times retain and exercise the right to direct and control the time and manner of executing the work. The petition does not allege that Ed Smith & Sons, Inc., had the right to control the time and manner of executing the work or that it did direct and control the time and manner of doing the work.

EBERHARDT, Judge, concurring specially. I agree with the majority opinion, but feel that some statement should be made of the basis for affirming the overruling of special demurrer numbered eight to paragraph 15 (c) of the petition which alleged that the driver of the tractor or earth mover was negligent in driving that vehicle onto and diagonally across the expressway and into the side of the plaintiff's vehicle when he (the driver) saw, or in the exercise of ordinary care could have seen, the plaintiff's vehicle traversing said expressway. This ground of the demurrer attacks such allegations as being "vague, indefinite and uncertain, and mere conclusions of the pleader without factual support."

The allegations of the paragraph of the petition thus attacked are in the alternative, and consequently can be construed as alleging no more than that the driver of the tractor could have seen the plaintiff's vehicle on the expressway. *Central of Ga. Ry. Co. v. Tapley,* 145 Ga. 792 (2) (89 S. E. 841).

If the plaintiff here were proceeding upon a theory under which it is necessary to allege that the driver of the tractor saw the plaintiff's approaching vehicle, or that he had knowledge of its approach, a demurrer raising the duplicity of the allegations would be good and the overruling of it would be error. *Belch v. Sprayberry,* 97 Ga. App. 47, 50 (101 S. E. 2d 870); *Frazier v. Davis,* 94 Ga. App. 173, 175 (94 S. E. 2d 51).

For example, it has been held in cases seeking recovery against a railroad for wilful and wanton negligence in the injuring or killing of a trespasser, that since actual knowledge of the presence of the trespasser on the track by the railroad's employees in charge of the train is necessary to establish wilful and wanton negligence, an allegation in the alternative that the employees "knew or by the exercise of ordinary care should have known" of the trespasser's presence could charge no more than implied

notice, and the petition should be dismissed upon demurrer. *Central of Ga. Ry. Co. v. Stamps*, 48 Ga. App. 309 (172 S. E. 806) ; *Southern Ry. Co. v. Lomax*, 67 Ga. App. 406 (4) (20 S. E. 2d 437). But where a recovery was sought under circumstances which placed upon the defendant a *duty* to anticipate the presence of the plaintiff, an allegation that the defendant either knew or ought to have known of his presence was held not inadequate as failing to show negligence. *McCombs v. Southern Ry. Co.*, 39 Ga. App. 716, 724 (148 S. E. 407). And see *Frazier v. Davis*, 94 Ga. App. 173 (94 S. E. 2d 51).

Here the plaintiff alleges that a huge earth moving machine was driven, not from an intersection, but from an adjacent field across the shoulder and onto the expressway and into the side of his automobile. I think that under such facts the driver of the machine was under a duty to observe the highway and to know what traffic might be thereon before entering upon it, and in the light of such a duty the averment that "he saw, or in the exercise of ordinary care could have seen, plaintiff's vehicle traveling and traversing said expressway" is sufficient. Because of the existence of a duty to observe and see, the allegation that in the exercise of ordinary care he could have seen is not objectionable as failing to show negligence. And it would seem especially true in the light of the principle that "a motorist upon the public highways of this State has a right to assume that the road ahead of him is clear." *Mathis v. Nelson*, 79 Ga. App. 639, 642 (54 S. E. 2d 710) ; *State Construction Co. v. Johnson*, 82 Ga. App. 698, 701 (62 S. E. 2d 413) ; *Brown v. Atlanta Gas Light Co.*, 96 Ga. App. 771, 777 (101 S. E. 2d 603). If the law affords to a motorist such as the plaintiff here, the right to such an assumption, it must, by virtue of so doing, place upon the operator of an earth moving machine, under circumstances such as are here alleged, a duty to observe and to see approaching traffic upon the highway.

What is said here is in no wise conflicting with the ruling in *Doyal v. Russell*, 183 Ga. 518, 534 (189 S. E. 32), and cases following it.