### 39030. HILLINGHORST v. HEART OF ATLANTA MOTEL, INC.

Decided October 4, 1961—Rehearing denied November 1, 1961.

*Rose & Lappas, Ralph H. Hicks,* for plaintiff in error.

*Hurt, Gaines, Baird, Peek & Peabody, J. Corbett Peek, Jr.; William W. Horton,* contra.

EBERHARDT, Judge. ■ This case is here on exception to the trial judge's order sustaining an oral motion to dismiss by the defendant. It thus becomes our duty to measure the petition by the standard laid down by Chief Judge Hill in *Moone v. Smith,* 6 Ga. App. 649, 650 (65 SE 712) where it is said, "The essential foundation for all actionable negligence is the existence of a duty which the defendants owed to the plaintiff in connection with the particular subject-matter, and the breach of that duty by the defendants. The duty is defined by the law; the breach of that duty is determined by the particular facts. Where the duty and the breach concur, a legal injury arises, and, if damage results, an action will lie."

Under the allegations of the plaintiff's petition, it is clear that the plaintiff and defendant had entered into a guest-innkeeper relationship. This relationship has the necessary legal concomitant of a duty placed upon the innkeeper. This duty is well-settled in Georgia as "the duty to exercise ordinary care to afford [guests] premises that are reasonably safe for use and occupancy." *Hotel Richmond, Inc. v. Wilkinson,* 73 Ga. App. 36, 41 (35 SE2d 536) ; *Holloman v. Henry Grady Hotel Co.,* 42 Ga. App. 347 (156 SE 275) ; *Newton v. Candace, Inc.,* 94 Ga. App. 385 (2) (94 SE2d 739) ; *S. A. Lynch Corp. v. Greene,* 99 Ga. App. 797, 799 (109 SE2d 615) ; Hotel Dempsey Co. v. Teel, 128 F. 2d 673 (5th Cir.).

Thus, the duty the law places upon the defendant is clear. But what of the breach? The plaintiff's allegations of negligence, as amended, are set out above.

The defendant contends that the alternative allegation that the dangerous condition of the handle "was known or should have been known" to the defendant was only an allegation of

constructive knowledge. The trial court also used this theory as one basis for granting the oral motion, citing *Howerdd v. Whitaker*, 87 Ga. App. 850 (75 SE2d 572), to the effect that an alternative allegation of knowledge shows no *actual* knowledge.

This statement is correct when applied to the factual situation in *Howerdd*. However, the rule is different where "the facts show the relation from which the duty to know arises, [then] a general averment that the defendant knew or ought to have known of the defects from which the injury resulted is sufficient. . ." *Fulton Ice & Coal Co. v. Pece*, 29 Ga. App. 507, 519 (116 SE 57), aff'd, 157 Ga. 105 (120 SE 636). This rule has been followed in this and other factual situations. *Cedartown Cotton &c. Co. v. Miles*, 2 Ga. App. 79, 82 (58 SE 289); *Southern States &c. Cement Co. v. Helms*, 2 Ga. App. 308 (1a) (58 SE 524); *Pacetti v. Central of Ga. Ry. Co.*, 6 Ga. App. 97 (1) (64 SE 302); *Bennett v. Central of Ga. Ry. Co.*, 6 Ga. App. 185 (1) (64 SE 700); *Huey v. City of Atlanta*, 8 Ga. App. 597 (3) (70 SE 71); *Western & A. R. v. Reed*, 33 Ga. App. 396, 403 (126 SE 393); *King Hdw. Co. v. Ennis*, 39 Ga. App. 355 (3) (147 SE 119); *Atlanta Paper Co. v. Sigmon*, 82 Ga. App. 730 (2) (62 SE2d 363); *Frazier v. Davis*, 94 Ga. App. 173 (2) (94 SE2d 51); *Harvill v. Swift & Co.*, 102 Ga. App. 543, 547 (117 SE2d 202); *Kelley v. Black*, 203 Ga. 589, 593 (47 SE2d 802). *Belch v. Sprayberry*, 97 Ga. App. 47, 51 (101 SE2d 870), cited by the defendant as supporting *Howerdd*, is also authority for the *Fulton Ice & Coal Co.* rule.

The *Fulton Ice & Coal Co.* case, supra, at pp. 518, 519, discusses the situations where alternative allegations of knowledge are attacked by general demurrer: (1) where the duty to know arises from the relationship, and (2) where the duty does not arise by reason of the relationship but arises only after actual knowledge. The facts of the *Howerdd* case clearly place it in the second category.

As to cases in the first category, alternative allegations are good as against general demurrers. The prior discussion of the case sub judice shows clearly the pre-existing duty growing out of the innkeeper-guest relationship. Therefore, in the

absence of special demurrers, the alternative allegations of knowledge were sufficient.

■ The defendant also contends that there are no facts pled which show that the duty owed the defendant would involve an inspection of the handle, or that if inspection was the measure of "ordinary care," that such would have enabled the defendant to discover the defect, if any. The trial court agreed with this contention in sustaining the oral motion.

However, it is well to recall that we are dealing here with a motion in the nature of a general demurrer. As against such a motion, general allegations of negligence are good. *McPhail v. A. C. L. R. Co.*, 93 Ga. App. 599 (2), 602 (92 SE2d 558) and cases cited. In such a situation, if the petition can be said to set out a cause of action on any theory, the motion should not be sustained. *Childs v. Blaine*, 84 Ga. App. 847, 849 (67 SE2d 787) and cases cited.

The question of a violation of "the duty to exercise ordinary care to afford [guests] premises that are reasonably safe for use and occupancy," which is the duty an innkeeper owes his guests, is a question of negligence and this court is bound by the rule that such matters are for the jury except in plain, palpable and indisputable cases. *Code* § 81-304, catchword "Negligence." Further, the innkeeper has a duty to inspect and is liable for such injuries caused by defects as would be disclosed by a reasonable inspection. *Johnson v. John Deere Plow Co.*, 214 Ga. 645, 647 (106 SE2d 901) and cases cited. Thus, plaintiff's case is for the jury, and it was error to sustain the oral motion to dismiss in the nature of a general demurrer.

However, we do not intend to hold here that if such an inspection had been made, it would have disclosed the defect complained of here. Such is in the province of the jury. It may be that the evidence will show that the defendant could not have discovered the defect if an inspection had been made and that it had no other way of knowing of the defect. See Annot. 18 A.L.R. 2d 977, § 4. On the other hand, the evidence may develop facts sufficient to have put the defendant on notice of the defect, as was the case in *Hotel Richmond, Inc. v. Wilkinson*, 73 Ga. App. 36 (35 SE2d 536). And see Annot.

18 A.L.R. 2d 977, supra. Our holding is merely that plaintiff's general allegations were good as against an oral motion to dismiss in the nature of a general demurrer.

*Judgment reversed. Carlisle, P. J., and Nichols, J., concur.*