21311.   ED SMITH & SONS, INC. v. MATHIS *et al.*

CANDLER, Justice.   David T. Mathis and others filed a suit for damages in the Superior Court of DeKalb County against Hewitt Contracting Company, Ed Smith & Sons, Inc., and James Hare.   The defendant Ed Smith & Sons, Inc. demurred to their petition on general and special grounds.   The trial judge overruled its demurrers, and the Court of Appeals, with Chief Judge Felton dissenting, affirmed his ruling.   *Ed Smith & Sons, Inc. v. Mathis*, 103 Ga. App. 661 (120 SE2d 646). The demurring defendant applied to this court for the writ of certiorari and in its application therefor assigned error on the majority ruling of the Court of Appeals.   The writ was granted.   So far as need be stated, the petition alleges: The defendant Hewitt Contracting Company had a contract to construct a bridge on a perimeter road in the vicinity of the Northeast Expressway—a highway which had at that point been completed and opened to traffic by the State Highway Board.   While the plaintiffs' wife and mother was riding in an automobile which was being driven north on the expressway, the defendant Hare negligently killed her when he drove a caterpillar tractor and an earth mover, which was owned by the defendant Ed Smith & Sons, Inc., from a field adjacent to the expressway and struck the automobile in which she was riding.   The petition also alleges that the machinery which Hare was operating at the time of the collision was being used for the purpose of constructing the bridge which the defendant Hewitt Contracting Company was under contract to erect.   Paragraph 12 of the petition alleges that at all times mentioned therein "the defendant Hare was an agent and servant of the defendant. . . Ed Smith & Sons, Inc., acting in the scope of his authority as an agent and driver of the huge and massive tractor and earth mover owned by and used in the prosecution of that defendant's business by the defendant Hare."   Paragraph 13 of the petition alleges that, at all times mentioned therein, "the defendant Hewitt Contracting Company was the general contractor on the construction of the perimeter road bridge in the vicinity of the aforesaid portion of the Northeast Expressway [where the collision occurred], and did at all times retain the right to direct and control the time and manner of executing the work

thereon, and did at all times retain the right to and did direct and control the time and manner of the execution of the work performed and being performed by the defendants Ed Smith & Sons, Inc. and James Hare . . . , so as to create the relationship of master and servant as between Hewitt Contracting Company and the defendants Hare and Ed Smith & Sons, Inc." And paragraph 15 of the petition alleges that, at all times mentioned therein, "the defendant Hare, individually and as agent and servant of the two defendant corporations, and the two defendant corporations acting by and through their agent and servant the defendant Hare were negligent in the following particulars." The petition then sets out in detail the acts of negligence committed by the defendant Hare which resulted in the collision that caused the death of the plaintiffs' wife and mother. The general demurrer which the defendant Ed Smith & Sons, Inc., interposed to the petition attacked the sufficiency of its allegations to state a cause of action against it for the relief sought. *Held:*

1. This court and the Court of Appeals have consistently and frequently held, that, when the allegations of a petition are attacked by demurrer on the ground that they are insufficient to state a cause of action for the relief sought thereby, they will be construed most strongly against the pleader. For recent cases so holding, see *Barber v. Wells*, 213 Ga. 1 (96 SE2d 595); and *Conklin v. Jones*, 95 Ga. App. 677 (98 SE2d 638). In *Chalverus v. Wilson Manufacturing Co.*, 212 Ga. 612 (1) (94 SE2d 736), this court held: "Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." "Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader." *Doyal v. Russell*, 183 Ga. 518, 534 (189 SE 32). And in *Richards & Associates, Inc. v. Studstill*, 212 Ga. 375 (3) (93 SE2d 3), this court said that, "when a plaintiff's case is pleaded in the alternative,

one version of which is good and the other not, his petition will, on demurrer thereto, be treated as pleading no more than the latter, because it must be construed most strongly against the pleader." The same rule applies to a petition which contains contradictory allegations. *Central of Ga. Ry. Co. v. Prior,* 142 Ga. 536 (83 SE 117).

2. Construing the petition in the instant case most strongly against the pleader, which we are required to do for purposes of the general demurrer interposed by the defendant Ed Smith & Sons, Inc., it alleges: The defendant Hewitt Contracting Company had a contract to build a bridge over the Northeast Expressway. It arranged with the defendants Ed Smith & Sons, Inc. and James Hare to assist it in the erection of the bridge. The arrangement thus made created the relationship of master and servants between it and them. The defendant Ed Smith & Sons, Inc. owned certain road machinery which was to be used in building the bridge, and the defendant Hare operated it, but the defendant Hewitt Contracting Company retained the right to and did at all times direct and control the time and manner of executing the work on such project, and did at all times retain the right to and did direct and control the time and manner of the execution of the work performed on the project by the defendants Ed Smith & Sons, Inc. and Hare. While the allegations show that the defendant Ed Smith & Sons, Inc. was the owner of the road machinery involved in the collision, they also positively show that he had surrendered the right to direct and control the manner in which it was to be operated by the defendant Hare to the defendant Hewitt Contracting Company. And since the allegations of the petition, when so construed, show that the defendant Ed Smith & Sons, Inc. had no right to and did not direct and control the manner in which the defendant Hare operated its machinery at the time of the collision, it seems clear to us that they failed to state a cause of action against it for damages. See *Brown v. Smith & Kelly,* 86 Ga. 274 (12 SE 411, 22 ASR 456); *Greenberg & Bond Co. v. Yarbrough,* 26 Ga. App. 544 (1) (106 SE 624); *Peabody Manufacturing Co. v. Smith,* 94 Ga. App. 240 (94 SE2d 156); Byrne v. K. C., F. S. & M. R. Co., 61 F. 605 (9 CCA 666, 24 L. R. A. 693); 18 R. C. L. 784. In Byrne's case, the railway company rented an engine and its crew to a

bridge company for its use in the performance of certain services. In the conduct of the work done by the engine and its crew they were under the direction and control of the superintendent of the bridge company. The engine, while being thus operated, ran over and killed a person. His administrator brought a suit against the railway company for damages. Judge Taft, speaking for the United States Circuit Court of Appeals, said: "On this state of facts we are clearly of the opinion that the court was right in holding that the railway company was not responsible for the acts of the engineer and fireman in running the engine which killed Nason. They were, it is true, general servants of the railway company, but at the time of the accident they were engaged in the work of the bridge company, were subject to the orders of the bridge company's officers, and in what they did or failed to do were acting for the bridge company." In the *Greenberg & Bond Company* case, supra, where it had rented a car from another who furnished the driver whose acts were to be performed under the direction and control of the hirer and where it was held that the hirer and not the owner was liable for an injury resulting from a negligent act of the driver, Judge Hill, speaking for the court, said (p. 547): "The relation of master and servant exists only when the person whom it is sought to charge as master for the act of the servant either employed or controlled him, or had the right of control over him, at the time the injury sued for happened." And as authority for that ruling, the court of Appeals cited *Brown v. Smith & Kelly*, 86 Ga. 274, supra.

3. Since the Court of Appeals should have reversed the ruling of the trial judge on the general demurrer which the defendant Ed Smith & Sons, Inc. interposed to the petition, it is not necessary for this court to deal with any of the rulings made on the special demurrers.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1961—DECIDED OCTOBER 5, 1961—
REHEARING DENIED OCTOBER 24, 1961.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Ernest P. Rogers, Barry Phillips,* for plaintiff in error.

*Calhoun & Calhoun, Bryan, Carter, Ansley & Smith, Charles H. Hyatt,* contra.

ON MOTION FOR REHEARING.

The several rulings made by the Court of Appeals which are adverse to the defendant Ed Smith & Sons, Inc., respecting the special demurrers interposed by that defendant are clearly unsound and erroneous, and the Court of Appeals erred in sustaining the trial court's ruling respecting any of them.